■ In the Matter of the Claim of ELEANOR McKENZIE, Respondent, v REVERE COPPER PRODUCTS, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [834 NYS2d 387]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed May 18, 2005, which ruled that claimant did not violate Workers' Compensation Law § 114-a.

In October 2002, claimant sustained a work-related injury to her lower back resulting in a partial disability. She was awarded workers' compensation benefits without objection from the employer after she was unable to continue working. Thereafter, it was discovered that claimant was working as a waitress and a question arose as to whether claimant violated Workers' Compensation Law § 114-a by knowingly misrepresenting a material fact. Following a hearing, the Workers' Compensation Law Judge found no violation, however, the award of workers' compensation benefits was modified based on claimant's current employment. The Workers' Compensation Board affirmed and this appeal ensued.

It is well settled that the Board's decision regarding a violation of Workers' Compensation Law § 114-a will be upheld if supported by substantial evidence (*see Matter of Henry v Bass-Masci*, 32 AD3d 635, 635-636 [2006]; *Matter of Elmer v Marocchi Trucking Co., Inc.*, 30 AD3d 792, 793 [2006]; *Matter of Feisthamel v Marcy Correctional Facility*, 26 AD3d 554, 555 [2006]). While it is undisputed that claimant never directly notified the workers' compensation carrier or the employer of her work as a waitress, she explained that she was unaware she was obligated to do so. In any event, having informed the employer and the carrier of her intent to obtain a job after the employer did not offer her employment in accordance with her medical restrictions, she assumed that they were aware she would be seeking employment. Furthermore, the record establishes that when asked by the employer about her new employment, claimant readily disclosed that she had been working as a waitress since September 17, 2003 and that the duties of that job were consistent with the medical restrictions imposed by her chiropractor. Although the medical report from the chiropractor indicated that claimant was not employed, claimant testified that she, in fact, informed her chiropractor about her current

employment. Similarly, to the extent that the functional capacity evaluation commissioned by the employer noted that claimant had not returned to work, claimant explained that the question posed by the physical therapist specifically pertained to claimant's return to work for the employer of record and not whether she was currently employed elsewhere. Inasmuch as the Board was free to credit claimant's testimony over any conflicting evidence in the record, substantial evidence supports the Board's decision that claimant did not violate Workers' Compensation Law § 114-a (*see Matter of Elmer v Marocchi Trucking Co., Inc., supra* at 794; *Matter of Johnson v New York State Dept. of Transp.*, 305 AD2d 927, 928 [2003]).

We further note that the employer's request to cross-examine claimant's chiropractor and the physical therapist who performed the functional capacity evaluation was untimely, having come at the conclusion of the hearing (*see Matter of Doherty v Colgate Univ.*, 3 AD3d 810, 811 [2004]; *Matter of Floyd v Millard Fillmore Hosp.*, 299 AD2d 610, 611 [2002]; *Matter of Rose v International Paper Co.*, 290 AD2d 664, 667 [2002]). Finally, we find no reason to disturb the reduced earnings award.

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.