■ In the Matter of the Claim of ROBERT MONROE, Respondent, v TOWN OF CHESTER et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [840 NYS2d 642]—

Lahtinen, J. Appeals from three decisions of the Workers' Compensation Board, filed February 9, 2005, March 17, 2006 and May 8, 2006, which ruled, inter alia, that claimant sustained a compensable injury and awarded workers' compensation benefits.

Claimant, a mechanic in the employer's highway department,

reportedly injured his back when lifting equipment at his job on April 18, 1997. Approximately two months earlier, complaining of pain in his left leg and numbness in his left foot, claimant had sought medical care, which led to a CT scan on April 9, 1997 (nine days before the work-related accident) revealing a disc herniation at L5-S1. He was referred to a neurosurgeon, Fred Scialabba, who he saw after the work injury. Scialabba was authorized by the self-insured employer to perform a lumbar laminectomy and discectomy. The surgery was performed on May 19, 1997. Claimant remained out of work until September 1997 and received benefits for such time after a Workers' Compensation Law Judge (hereinafter WCLJ) found he had sustained a work-related injury to his back on April 18, 1997. No appeal was taken from that determination.

Upon returning to his job, claimant continued working until July 2001, when his doctor advised him to stop working because of the condition of his back. In October 2001, he began receiving a disability retirement pension from the employer. In early 2002, the employer requested a hearing, directed claimant to complete a questionnaire and scheduled an independent medical examination for claimant with Dominic Belmonte. Belmonte opined, among other things, that claimant's disability was mild to moderate and that his condition should be apportioned as 10% related to the April 18, 1997 incident and 90% to his preexisting condition. The employer filed a request to suspend or reduce payments. Testimony was taken of claimant, Scialabba and Belmonte. The WCLJ classified claimant as having a moderate permanent partial disability. The employer made numerous arguments to the Workers' Compensation Board, including that the back surgery of May 19, 1997 was not causally related to the accident of April 18, 1997, materially false statements had been made by claimant to receive benefits (*see* Workers' Compensation Law § 114-a), the back condition should be apportioned as 90% unrelated, and claimant voluntarily withdrew from the labor market. A series of decisions by the Board resulted in it holding that the May 19, 1997 surgery was not causally related, apportionment was not applicable, claimant did not violate Workers' Compensation Law § 114-a and he did not voluntarily withdraw from the labor market. The employer appeals.

The employer initially argues that claimant is not entitled to benefits because the May 1997 surgery was determined to be not related to the April 1997 accident. The Board's determination regarding causal relationship, if supported by substantial evidence, will not be disturbed on appeal despite the existence

of evidence supporting a different conclusion (*see Matter of Gilman v Champlain Val. Physicians Hosp.*, 23 AD3d 860, 861 [2005]). The finding that the surgery was not causally related to the accident does not compel the conclusion that no back problems of claimant can be considered as related to the accident. Indeed, although claimant had a preexisting herniation (which necessitated the surgery), he nevertheless was able to perform the tasks of his job until the April 18, 1997 accident. The finding of the WCLJ in 1998 that claimant suffered a work-related injury to his back on April 18, 1997 was not challenged by the employer. Moreover, there is medical evidence in the record attributing some of claimant's disability to the April 18, 1997 accident.

The Board's decision was not, as urged by the employer, premised on incorrect facts. A Board decision that is "clearly based on incorrect facts or an inaccurate reading of the record" will not be upheld (*Matter of Evans v Jewish Home & Hosp.*, 1 AD3d 736, 738 [2003], *lv dismissed* 2 NY3d 823 [2004]). Here, while a decision of a WCLJ appears to have incorrectly placed reliance on a medical condition (i.e., foot drop) that long predated the accident (i.e., 1977 motor vehicle accident), the Board placed no reliance on this condition in its decision. The Board did incorrectly state when summarizing the various witnesses' testimony that claimant indicated he had a second surgery, but nothing in its decision places any weight on this mischaracterized testimony and, thus, reversal is not required (*cf. id.*).

The employer further contends that claimant knowingly made false statements for the purpose of receiving benefits and, thus, he should be disqualified from wage benefits under Workers' Compensation Law § 114-a. "It is well settled that the Board's decision regarding a violation of Workers' Compensation Law § 114-a will be upheld if supported by substantial evidence" (*Matter of McKenzie v Revere Copper Prods.*, 39 AD3d 1035, 1036 [2007] [citations omitted]; *see Matter of Elmer v Marocchi Trucking Co., Inc.*, 30 AD3d 792, 793 [2006]). The Board is the arbiter of witness credibility (*see Matter of Michaels v Towne Ford*, 9 AD3d 733, 734 [2004]). Claimant indicated to a medical provider and on the employer's questionnaire that he did not have a prior injury to his lower back. His testimony revealed that, prior to the April 18, 1997 accident, he had pain in his leg and he would occasionally miss work because of numbness in his foot. But, he stated that he did not know that these symptoms were related to a back condition. As for claimant's answer on a form that he had "no chiropractor," when he had

visited one prior to the accident, he explained that he had gone to one some five years before filling out the subject form and the chiropractor refused to treat him. The Board credited claimant's explanations and, with such credibility determinations resolved in his favor, there is substantial evidence supporting the Board's determination of this issue.

We turn next to the employer's apportionment argument. Apportionment is inapplicable " 'where the claimant's prior condition was not the result of a compensable injury and such claimant was fully employed and able to effectively perform his or her duties despite the noncompensable preexisting condition' " (*Matter of Nye v IBM Corp.*, 2 AD3d 1164, 1164 [2003], quoting *Matter of Bruno v Kelly Temp Serv.*, 301 AD2d 730, 731 [2003]). The Board's determination of no apportionment is supported by substantial evidence, including claimant's testimony that he worked at his job and performed his regular duties despite some prior discomfort and pain.

Finally, we have reviewed and find unavailing the employer's contention that substantial evidence did not support the Board's finding that claimant did not voluntarily withdraw from the labor market (*see generally Matter of Bryant v New York City Tr. Auth.*, 31 AD3d 936, 937 [2006]; *Matter of Pittman v ABM Indus., Inc.*, 24 AD3d 1056, 1057 [2005]).

Cardona, P.J., Crew III, Peters and Mugglin, JJ., concur. Ordered that the decisions are affirmed, without costs.