■ In the Matter of GEORGE M. DORY, Respondent, v NEW YORK STATE ELECTRIC & GAS CORPORATION et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [881 NYS2d 683]—

McCarthy, J. Appeal from a decision of the Workers' Compensation Board, filed March 19, 2008, which ruled that claimant did not violate Workers' Compensation Law § 114-a.

Claimant received workers' compensation benefits for a permanent partial disability apportioned between three work-related back injuries. In June 2006, an investigator hired by the employer's workers' compensation carrier observed claimant using a squat press machine. Claimant testified in November 2006 that he did not do squat presses and his physicians testified that he should not do so. The employer and carrier thereafter sought to disqualify claimant from receiving benefits, arguing that his testimony represented a knowingly false statement or misrepresentation of a material fact as set out in Workers' Compensation Law § 114-a. Following a hearing, a Workers' Compensation Law Judge found, among other things, that the employer and carrier had failed to prove that claimant made this statement. The Workers' Compensation Board affirmed in relevant part and the employer and carrier now appeal.

We affirm. The Board's determination as to whether a claimant violated Workers' Compensation Law § 114-a will be upheld if substantial evidence supports it (see Matter of Monzon v Sam Bernardi Constr., Inc., 60 AD3d 1261, 1262-1263 [2009]; Matter of Monroe v Town of Chester, 42 AD3d 862, 864 [2007]). Here, claimant was specifically asked in November 2006 if he "engaged[d] in squat pressing" as a follow-up question inquiring whether he lifted weights. He was not asked if he had ever used a squat press machine. In explaining his negative answer, claimant admitted that he had used the machine in question twice, at most, but did not know its actual name. Moreover, he stated that his conception of a squat press involved the use of free weights and that he never equated his two uses of this machine with either lifting weights generally or a squat press specifically. The Board was free to credit this testimony, and we view it as substantial evidence that claimant did not knowingly make a false statement or misrepresentation of a material fact (see Matter of Monroe v Town of Chester, 42 AD3d at 864; Matter of McKenzie v Revere Copper Prods., 39 AD3d 1035, 1037 [2007]).

Peters, J.P., Rose, Lahtinen and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.