■ In the Matter of GLENDA F. RIDGEWAY, Respondent, v RGRTA REGIONAL TRANSIT SERVICE, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [888 NYS2d 811]—

Lahtinen, J.

Claimant, a bus driver, has filed a number of workers' compensation claims, including established ones for work-related injuries suffered in 2002 and March 2005. In October 2005, claimant was involved in an automobile accident after her work shift had ended. She completed a "Personal Injury Form" for her self-insured employer which stated that the accident occurred after her work shift began at 5:35 P.M., when in reality her shift had ended at that time. The employer sought to bar claimant from receiving further workers' compensation benefits pursuant to Workers' Compensation Law § 114-a, asserting that she intentionally misrepresented on the form that the accident was related to her work. Following a hearing, a Workers' Compensation Law Judge agreed and disqualified claimant from receiving further benefits related to both the March and October 2005 injuries. Upon review, the Workers' Compensation Board rescinded the findings regarding section 114-a, holding that the evidence was insufficient to show that claimant knowingly made material misrepresentations on the form, and the employer appeals.

We affirm. The Board's determination as to whether a claimant ran afoul of Workers' Compensation Law § 114-a will not be disturbed if substantial evidence supports it (*see Matter of Dory v New York State Elec. & Gas Corp.*, 64 AD3d 848, 849 [2009]; *Matter of Robbins v Mesivtha Tifereth Jerusalem*, 60 AD3d 1166, 1167 [2009]). Claimant testified that the October 2005 accident did not occur during her work shift and that she had meant to say that her shift ended at 5:35 P.M. on the form, but that she had filled it out a day after the accident and remained upset. She also listed the number of the bus she drove during her work shift on the form, but the form asks only for a vehicle number, not the number of the vehicle involved in an accident. Indeed, the form does not state that it is only for work-related injuries, and claimant did not initially recognize it as a form prepared by the employer during her testimony. Moreover, claimant advised the employer that the accident occurred in her own vehicle as she was leaving work after the inaccuracies on the form were called to her attention. In our view, these facts constitute substantial evidence to support the Board's determination that claimant did not knowingly make a material false statement.

We lastly note that the Board is not bound by the credibility determinations of a Workers' Compensation Law Judge, and nothing in the Board decisions pointed to by the employer indicate that the Board adheres without question to those determinations (*see Matter of Jones v New York State Dept. of Correction*, 35 AD3d 1025, 1025 [2006]).

Mercure, J.P., Rose, Malone Jr. and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.