In the Matter of the Claim of ESED HAMZA, Respondent, v STEINWAY & SONS et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [930 NYS2d 103]—

Rose, J.

Claimant injured his back while working for the employer in 2001 and was awarded workers' compensation benefits based upon his disability due to that injury and associated depression. In 2004, a private investigator retained by the employer's workers' compensation carrier recorded claimant performing snow removal outside the apartment building in which he resided and, as a result, the carrier's medical consultants changed their opinions regarding claimant's disability status. Following a hearing at which claimant, his treating physicians, the carrier's medical consultants and private investigators for both parties testified, a Workers' Compensation Law Judge found that claimant did not violate Workers' Compensation Law § 114-a and that he is permanently partially disabled as a result of his work-related injuries. Upon review, the Workers' Compensation Board upheld the determination and the employer and carrier now appeal.

We affirm. The Board's determination as to whether a claimant has made a material misrepresentation in violation of Workers' Compensation Law § 114-a will not be disturbed if supported by substantial evidence (see Matter of Ridgeway v RGRTA Regional Tr. Serv., 68 AD3d 1219, 1220 [2009]; Matter of Dory v New York State Elec. & Gas Corp., 64 AD3d 848, 849 [2009]). Claimant acknowledged that he spread ice melt and shoveled for short periods of time on occasion to assist his wife in her responsibilities as superintendent of the building in which they reside. Claimant further testified that prior to his work-related injury, he assisted his wife to a greater degree than he is now able. Claimant's treating physicians testified that spreading ice melt and shoveling for a brief period were not inconsistent with claimant's medical limitations and did not affect their opinion as to his degree of disability. Although the carrier's medical consultants offered conflicting opinions, credibility determinations and resolution of conflicting medical evidence are issues that rest within the exclusive province of the Board, and it was free to credit the testimony of claimant and his treating physicians over that of the carrier's witnesses (see Matter of Turner v Jaquith Indus., Inc., 73 AD3d 1405, 1406 [2010]; Mat-

*ter of Dory v New York State Elec. & Gas Corp.*, 64 AD3d at 849; *Matter of Monroe v Town of Chester*, 42 AD3d 862, 864-865 [2007]).

Peters, J.P., Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.