■ In the Matter of the Claim of DENNIS GILLAN, Respondent, v NEW YORK STATE DEPARTMENT OF CORRECTIONS et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [930 NYS2d 101]—

Garry, J.

In July 2002, claimant, while employed as a correction officer, fell from a collapsing staircase and sustained injuries to his back, right knee and left wrist. Consequently, he was awarded workers' compensation benefits for a work-related injury, which was ultimately determined to be a permanent partial disability. The claim was later amended to include consequential major depressive disorder. Following the accident, claimant did not return to work as a correction officer and, in 2003, he filed for disability retirement benefits. In 2004, claimant was examined by an independent medical examiner who confirmed that he had a moderate partial disability.

In May 2007, the employer's workers' compensation carrier, the State Insurance Fund (hereinafter Fund), unilaterally stopped paying compensation benefits to claimant on the basis that a "fraud referral" concerning claimant had been submitted by the Orange County District Attorney's office. It is undisputed that all criminal charges stemming from this referral were dismissed. In July 2008, claimant filed a request for action with the Workers' Compensation Board alleging that the Fund improperly suspended compensation payments without following proper procedures. At a September 2008 appearance, the Workers' Compensation Law Judge (hereinafter WCLJ), among

other things, awarded claimant back benefits, penalized the Fund for the unilateral suspension and scheduled a hearing on the issue of whether claimant had fraudulently misrepresented the extent of his injuries in violation of Workers' Compensation Law § 114-a. Following a hearing at which the Fund presented evidence concerning, among other things, its surveillance of claimant and his alleged hunting activities, the WCLJ found no violation of Workers' Compensation Law § 114-a. Upon review of the WCLJ's decision by the Board, the decision was affirmed. The employer's application for full Board review was subsequently denied. The employer and the Fund now appeal from both determinations.

We affirm. The Board's determination as to whether a claimant violated Workers' Compensation Law § 114-a will not be disturbed if substantial evidence supports it (*see Matter of Ridgeway v RGRTA Regional Tr. Serv.*, 68 AD3d 1219, 1220 [2009]; *Matter of Dory v New York State Elec. & Gas Corp.*, 64 AD3d 848, 849 [2009]). Here, claimant testified that, due to his physical condition he could no longer hunt regularly and, since the accident, specifically recalled going hunting on only two occasions in 2005. He stated that on one of those excursions his son did the actual hunting while he supervised,[1] and the other time he sat down for a while in the forest but did not shoot anything. Notably, claimant's physician averred that claimant was not restricted from light hunting activity as long as he remained within the restrictions of his partial disability. In that regard, it is significant that the Board, which "is the sole arbiter of witness credibility" (*Matter of Hammes v Sunrise Psychiatric Clinic, Inc.*, 66 AD3d 1252, 1252 [2009]), credited both claimant's testimony and the extensive medical proof in the record establishing his partial disability.[2] The Board also noted that none of the activities witnessed by the investigators as part of their surveillance contradicted either claimant's testimony or the medical proof in the record pertaining to his physical restrictions. Given, among other things, the absence of any discrep-

**1.** While on this occasion claimant admitted telling a Department of Environmental Conservation officer that it was he, not his son, who shot a deer, claimant testified that he did so because his teenaged son "tagged" the deer improperly and he took responsibility so that his son would not get into trouble.

**2.** Although the WCLJ, at the September 2008 appearance, afforded the Fund the opportunity to have claimant reexamined by an independent medical examiner, the Fund did not do so and instead chose to have the medical practitioner review claimant's medical file and videotaped surveillance footage. In the absence of an actual physical examination, the Board specifically found the resulting report to be of little weight and declined to credit it.

ancy between claimant's testimony regarding his hunting activities and the medical proof in the record (*compare Matter of Robbins v Mesivtha Tifereth Jerusalem*, 60 AD3d 1166, 1167 [2009]; *Matter of Peguero v Halo's Rest.*, 24 AD3d 986, 987 [2005]), we find no basis to disturb the Board's conclusion that claimant did not knowingly make a material false statement to obtain benefits (*see Matter of Dory v New York State Elec. & Gas Corp.*, 64 AD3d at 849).

We have examined the employer and the Fund's remaining arguments, including their contention that the Board erred in not finding that claimant voluntarily withdrew from the workforce and their challenge to the denial of the employer's application for full Board review, and find them to be unpersuasive.

Mercure, J.P., Peters, Stein and Egan Jr., JJ., concur. Ordered that the decisions are affirmed, without costs.