■ In the Matter of the Claim of JAMES WARD, Claimant, v GENERAL UTILITIES et al., Respondents, and NY CHOICE SELF-INSURANCE TRUST et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [953 NYS2d 717]—

McCarthy, J. Appeal from a decision of the Workers' Compensation Board, filed September 15, 2010, which, among other things, ruled that claimant sustained a work-related occupational disease and awarded workers' compensation benefits.

Claimant was employed as an oil burner mechanic for over 40 years when, in March 2007, he filed a workers' compensation claim for an occupational disease. After a spate of hearings, a Workers' Compensation Law Judge determined that, based upon an independent medical examination, claimant suffered from asbestosis with a date of disablement of May 17, 2006. The Workers' Compensation Law Judge further determined that, pursuant to Workers' Compensation Law § 44-a, claimant experienced the last injurious exposure to asbestos during his employment with Astro Fuel Service Company. The Workers' Compensation Board affirmed and Astro and its workers' compensation carrier now appeal.

We affirm. When a claimant suffers his or her last injurious exposure to a dust hazard pursuant to Workers' Compensation Law § 44-a is a question of fact for the Board to resolve and its determination will not be disturbed if supported by substantial evidence (see Matter of Wilson v Southern Tier Custom Fabricators, 51 AD3d 1228, 1229 [2008]; Matter of Kotakis v L & J Concrete Corp., 39 AD2d 788, 788 [1972], lv denied 30 NY2d 488 [1972]). Here, claimant testified that Astro was the last employer for which he worked prior to his date of disablement, that he had been exposed to asbestos while so employed and that, despite performing some work on his own after leaving Astro, he had not been exposed to asbestos. While a representative of Astro testified that claimant was not exposed to asbestos during his employment there, credibility determinations and the resolution of conflicting evidence are within the exclusive province of the Board (see Matter of Blotko v Solomon Oliver Mech. Contr., 91 AD3d 990, 991 [2012]; Matter of Hamza v

*Steinway & Sons,* 88 AD3d 1033, 1033 [2011]). Thus, despite the existence of evidence that would have supported a contrary conclusion, the Board's decision is supported by substantial evidence (*see Matter of Rosario v AIG,* 96 AD3d 1111, 1113 [2012]; *Matter of Jennings v Avanti Express, Inc.,* 91 AD3d 999, 1000 [2012]).

Mercure, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.