Rose, J.P.
Appeal from a decision of the Workers’ Compensation Board, filed January 30, 2012, which, among other things, ruled that claimant did not violate Workers’ Compensation Law § 114-a.
In January 2009, claimant fell from the top of a milk truck while working for the employer and was thereafter awarded workers’ compensation benefits for injuries to her neck, back, head, shoulder and knee. The employer raised an issue as to whether claimant violated Workers’ Compensation Law § 114-a by failing to disclose that she was involved in a motor vehicle accident in 2007 and had thereafter complained of neck pain. Following a hearing, the Workers’ Compensation Law Judge found, among other things, that there was a violation. Upon review, however, the Workers’ Compensation Board concluded that claimant had not violated Workers’ Compensation Law § 114-a, rescinded the decision and returned the case for development of the record on the issue of degree of disability. The employer and its third-party administrator now appeal.
The Board’s determination on the issue of violation of Work *1424 ers’ Compensation Law § 114-a will be upheld if supported by substantial evidence (see Matter of Dory v New York State Elec. & Gas Corp., 64 AD3d 848, 848 [2009]; Matter of Monroe v Town of Chester, 42 AD3d 862, 864 [2007]). While claimant failed to inform the doctor who conducted an independent medical examination that she was involved in a motor vehicle accident in 2007 and experienced some neck pain immediately thereafter, claimant testified that she only remembered being asked about prior surgeries and did not recall being specifically asked about prior neck problems. Moreover, claimant and her general practitioner both testified that the soreness she experienced in her neck following the motor vehicle accident was minor, fully resolved within a short period of time, required no ongoing treatment or treatment with a specialist and claimant was not subject to any work restrictions as a result thereof. Inasmuch as the Board credited the testimony of claimant over conflicting evidence in the record, we find that substantial evidence supports the Board’s conclusion that claimant did not “knowingly make[ ] a false statement or representation as to a material fact” in order to obtain workers’ compensation benefits (Workers’ Compensation Law § 114-a [1]; see Matter of Dory v New York State Elec. & Gas Corp., 64 AD3d at 848; Matter of Monroe v Town of Chester, 42 AD3d at 864; Matter of McKenzie v Revere Copper Prods., 39 AD3d 1035, 1037 [2007]).
Spain, McCarthy and Egan Jr., JJ, concur. Ordered that the decision is affirmed, with costs to claimant.