■ In the Matter of the Claim of JOHN BORGAL, Respondent, v ROCHESTER-GENESEE REGIONAL TRANSPORTATION AUTHORITY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [970 NYS2d 105]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed February 21, 2012, which, among other things, ruled that claimant did not violate Workers' Compensation Law § 114-a.

In January 2009, claimant suffered work-related injuries to his left shoulder and right hand. He continued working until July 2009, when he underwent surgery to repair a torn rotator cuff in his left shoulder. Workers' compensation benefits were awarded from the date of surgery forward, on a total temporary disability basis. Subsequently, claimant began experiencing increased pain, and an MRI performed in August 2010 revealed a retearing of the rotator cuff.

At a hearing held in June 2010, the self-insured employer disclosed that it had carried out surveillance on claimant and thereafter raised the issue of whether he had violated Workers' Compensation Law § 114-a. Following subsequent hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) found, among other things, that claimant had not violated Workers' Compensation Law § 114-a and compensation benefits were continued. Upon review, the Workers' Compensation Board affirmed and the employer appeals.

We affirm. Pursuant to Workers' Compensation Law § 114-a (1), a claimant who "knowingly makes a false statement or representation as to a material fact . . . shall be disqualified from receiving any compensation directly attributable to such false statement or representation." "The Board is the sole arbiter of witness credibility" (*Matter of Hammes v Sunrise Psychiatric Clinic, Inc.*, 66 AD3d 1252, 1252 [2009] [citations omitted]; *see Matter of Martinez v LeFrak City Mgt.*, 100 AD3d 1110, 1111 [2012]), and its determination of whether a claimant has violated Workers' Compensation Law § 114-a will be upheld if it is supported by substantial evidence in the record (*see Matter of Martinez v LeFrak City Mgt.*, 100 AD3d at 1111; *Matter of Siddon v Advance Energy Tech.*, 98 AD3d 1202, 1202 [2012]; *Matter of McKenzie v Revere Copper Prods.*, 39 AD3d 1035, 1036 [2007]), even where there is evidence in the record that would support a different result (*see Matter of Monzon v Sam Bernardi Constr., Inc.*, 60 AD3d 1261, 1263 [2009]; *Matter of McKenzie v Revere Copper Prods.*, 39 AD3d at 1037; *Matter of Elmer v Marocchi Trucking Co., Inc.*, 30 AD3d 792, 794 [2006]).

Here, the employer initially argues that claimant misrepresented a material fact on two benefits questionnaires in November 2009 and June 2010 by stating that he did not work following his July 2009 shoulder surgery. The employer contends that the misrepresentation was evidenced by claimant's testimony and the surveillance videos regarding his renovation of a residential property, which the employer argues constituted work. Claimant testified that, for the past eight years, he had been engaged in buying residential real estate property, renovat-

ing it and then selling it for a profit. The record reflects that claimant purchased a residential property in November 2009 and, with the help of others, he renovated it. Claimant admitted to participating in various activities on the property, namely, the performance of small tasks such as carrying out small items of trash, doing touch-up scraping and painting, light carpentry work and installing two lights in the garage. Claimant's testimony indicated that the majority of the renovation work was completed by family members and hired contractors. The employer's surveillance video recordings did not contradict this testimony, primarily showing claimant undertaking only light errands and tasks not directly related to the renovation. Moreover, the record reflects that claimant still owned the property at the time of the hearing, that his son was living there, that the property was not listed for sale and that claimant had not decided whether he would sell the property. While there is evidence that could support a different conclusion, we find that the Board's determination that claimant's omission of his minimal renovation related activities did not constitute a violation of Workers' Compensation § 114-a (1) is supported by substantial evidence (see *Matter of Engoltz v Stewart's Ice Cream*, 91 AD3d 1066, 1067 [2012]; *Matter of Hamza v Steinway & Sons*, 88 AD3d 1033, 1033-1034 [2011]; compare *Matter of Hadzaj v Harvard Cleaning Serv.*, 77 AD3d 1000, 1001-1002 [2010], *lv denied* 16 NY3d 702 [2011]).

The employer also argues that claimant violated Workers' Compensation Law § 114-a by misrepresenting the degree of his disability to his physician, as allegedly evidenced by claimant's ability to perform various physical activities. Claimant testified that he informed his physician that he was performing various household activities. His physician, Matthew Landfried, testified that, although he did not recall claimant informing him about his activities, and his examination notes did not reflect that claimant had provided such information, he reported that, generally, he only makes specific notations of information that is out of the ordinary. Further, Landfried testified that, while claimant would have been restricted regarding physical activities for the first 12 weeks after his surgery, and there is no evidence that he failed to follow such restrictions during that time period, there were no restrictions on his performance of daily living activities thereafter. Landfried had determined that claimant was totally disabled from performing his job duties as a bus driver, but not totally disabled from all activities. Similarly, claimant's physical therapist opined in September 2009 that claimant was cleared "for all normal household activities that don't require extreme reaching, quick unguarded movement or

heavy lifting." In fact, the employer's medical expert concluded—after conducting an independent medical examination of claimant, reviewing his medical records and watching the surveillance videos—that claimant had not misrepresented himself regarding his activities and physical capabilities. Finally, Landfried reviewed the surveillance videos and similarly concluded that claimant's activities, as shown on the videos, did not change his opinion as to the extent of claimant's disability. Under these circumstances, the Board's determination that claimant did not violate Workers' Compensation Law § 114-a is supported by substantial evidence and will not be disturbed (*see Matter of Donato v Aquarian Designs, Inc.*, 96 AD3d 1302, 1303 [2012]; *Matter of Gillan v New York State Dept. of Corrections*, 88 AD3d 1035, 1036 [2011]). The employer's remaining arguments have been examined and found to be without merit or rendered academic in light of our decision.

Rose, J.P., McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.