*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 22, 2016          519829
_____

In the Matter of the Claim of
    SALVATORE CIRRINCIONE,
                    Respondent,

        v
                                        MEMORANDUM AND ORDER

SCISSORS WIZARD et al.,
                    Appellants.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:   November 15, 2016

Before:  Garry, J.P., Egan Jr., Devine, Clark and Mulvey, JJ.

_____

        Vecchione, Vecchione & Connors, LLP, Garden City Park
(Leslie Wong of counsel), for appellants.

        Law Offices of Anthony Ranieri, Ozone Park (Anthony Ranieri
of counsel), for Salvatore Cirrincione, respondent.

        Eric T. Schneiderman, Attorney General, New York City
(Donya Fernandez of counsel), for Workers' Compensation Board,
respondent.

_____

Clark, J.

        Appeal from a decision of the Workers' Compensation Board,
filed December 26, 2013, which ruled, among other things, that
claimant did not violate Workers' Compensation Law § 114-a.

        In December 1988, claimant sustained a compensable injury
to his head and face when a shotgun blast came through the front

store window where he was working as a hairstylist. Unable to, among other things, use his left hand due to cognitive injuries, claimant was subsequently classified with a permanent total disability. In 2011, the employer's workers' compensation carrier alleged that claimant had violated Workers' Compensation Law § 114-a. Following a hearing, which included a report from an investigator who conducted video surveillance of claimant performing certain activities at his father's gas station in 2008 and 2010, a Workers' Compensation Law Judge, among other things, found that claimant misrepresented his work status to his doctors, the carrier and the Workers' Compensation Board in violation of Workers' Compensation Law § 114-a and disqualified him from receiving future benefit payments. Upon review, the Board found that claimant did not violate Workers' Compensation Law § 114-a and reinstated his benefits. The employer and its workers' compensation carrier now appeal.

Workers' Compensation Law § 114-a (1) provides that, "[i]f for the purpose of obtaining compensation . . . or for the purpose of influencing any determination regarding any such payment, a claimant knowingly makes a false statement or representation as to a material fact, such person shall be disqualified from receiving any compensation directly attributable to such false statement or representation." The Board is the sole arbiter of witness credibility, and its determination as to whether a claimant violated Workers' Compensation Law § 114-a will not be disturbed if supported by substantial evidence (see Matter of Petrillo v Comp USA, 131 AD3d 1282, 1283 [2015]; Matter of Hamza v Steinway & Sons, 88 AD3d 1033, 1033 [2011]).

At the hearing, claimant testified that, due to his condition, he lives at home with his parents and sister and is dependent upon them. He acknowledged his activities at the gas station and explained that helping out with minor tasks at the gas station is therapeutic for him and keeps him mentally and physically engaged. Claimant explained that, despite his efforts at the gas station, he requires assistance from staff to perform any of the desired tasks. Claimant asserted that he does not have any specific duties at the gas station, that he is allowed to come and go as he pleases and that he is not required to show

up on any given day.  Claimant's father testified that he encourages claimant to visit the gas station to stay active and social and that claimant is neither an employee nor does he receive compensation.  Given the foregoing evidence, including the lack of any evidence in the record demonstrating that claimant attempted to conceal his activities at the gas station or mislead his physicians for the purpose of obtaining benefits, the Board was entitled to credit the hearing testimony of claimant and his father to conclude that claimant was not bartering his services at the gas station in exchange for room and board at his parents' home and that his parents were simply providing for their son's needs and well-being (see Matter of Lleshi v DAG Hammarskjold Tower, 123 AD3d 1386, 1387 [2014]; Matter of Engoltz v Stewart's Ice Cream, 91 AD3d 1066, 1067 [2012]).  Accordingly, we discern no basis to disturb the Board's decision that claimant did not violate Workers' Compensation Law § 114-a (see Matter of Hamza v Steinway & Sons, 88 AD3d at 1033; Matter of Petit v Syracuse Hous. Auth., 30 AD3d 797, 798-799 [2006]; Matter of Feisthamel v Marcy Correctional Facility, 26 AD3d 554, 555 [2006]).

Garry, J.P., Egan Jr., Devine and Mulvey, JJ., concur.


ORDERED that the decision is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court