Matter of Permenter v WRS Envtl. Servs. Inc. (2019 NY Slip Op 04243)





Matter of Permenter v WRS Envtl. Servs. Inc.


2019 NY Slip Op 04243


Decided on May 30, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 30, 2019

526512

[*1]In the Matter of the Claim of BARON PERMENTER, Claimant,
v
WRS ENVIRONMENTAL SERVICES INC. et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: April 30, 2019

Before: Garry, P.J., Clark, Mulvey, Devine and Pritzker, JJ.


Segal McCambridge Singer & Mahoney, Ltd., New York City (Thomas W. Park of counsel), for appellants.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed June 9, 2017, which ruled that claimant did not violate Workers' Compensation Law § 114-a.
In April 2014, while driving a truck for the employer and stopped in traffic, claimant was struck from behind by a tractor trailer. He filed a claim for workers' compensation benefits as a result of injuries that he sustained in the accident, and he represented on his claim form that he ceased working on May 16, 2014 due to such injuries [FN1]. During the course of administrative hearings conducted with respect to the claim, the Workers' Compensation Law Judge (hereinafter WCLJ) inquired into claimant's work activities following the accident. Claimant conceded that he was the owner of an online flower business that he started in February 2012 and devoted time to this business following the accident [FN2]. This had not been disclosed by claimant in connection with his workers' compensation claim. Consequently, the employer, through its workers' compensation carrier (hereinafter collectively referred to as the carrier), maintained that claimant violated Workers' Compensation Law § 114-a. The WCLJ concluded that there was no violation [*2]of Workers' Compensation Law § 114-a and that, in addition to his previously established back injury, claimant sustained work-related injuries to both shoulders, his neck, his right foot and his right ankle. On appeal, a panel of the Workers' Compensation Board affirmed the WCLJ's decision, with one member dissenting. The carrier sought mandatory full Board review, and the full Board, in a split decision, upheld the WCLJ's decision. The carrier appeals.[FN3]
Workers' Compensation Law § 114-a (1) provides that if, for purposes of obtaining workers' compensation benefits or influencing a determination in regard to the same, "a claimant knowingly makes a false statement or representation as to a material fact, such person shall be disqualified from receiving any compensation directly attributable to such false statement or representation" (see Matter of Vazquez v Skuffy Auto Body Shop, 168 AD3d 1240, 1241 [2019]). "The Board's determination as to whether a claimant has made a material misrepresentation in violation of Workers' Compensation Law § 114-a will not be disturbed if supported by substantial evidence" (Matter of Hamza v Steinway & Sons, 88 AD3d 1033, 1033 [2011] [citation omitted]; see Matter of Ridgeway v RGRTA Regional Tr. Serv., 68 AD3d 1219, 1220 [2009]).
Although claimant testified at the December 2014 hearing that he did not continue to work after May 16, 2014, either for the employer or for any other employer, he freely acknowledged that he owned a company engaged in the flower business, but did not consider it work because it was not profitable. He provided more detail at the February 2015 hearing, stating again that he was not involved in work activities following the accident even though he owned the flower business, which he described as an online business that he started in February 2012. He testified that he spent about two hours per day, five days per week, performing business-related tasks on the computer, such as taking orders and building a website. Claimant conceded that he devoted the same amount of time to the business after the accident, but stated that his wife, who was also his business partner, performed the physical labor that was involved. He further testified that, in furtherance of the business, he, his wife and another partner opened a store in October 2014 and hired employees to operate it. He stated that he went to the store four or five times per week to make sure that everything was running well. He indicated that the store was also not profitable, and he produced tax returns demonstrating that the business operated at a loss during 2014.
In view of the foregoing, the Board could reasonably conclude that claimant did not believe that his ownership interest in the flower business constituted work for purposes of receiving workers' compensation benefits and that any misstatements he made with respect thereto were not knowingly made for the purpose of obtaining workers' compensation benefits. We defer to the Board's assessment of claimant's credibility in this regard (see Matter of Eardley v Unatego Cent. Sch. Dist., 153 AD3d 1460, 1460-1461 [2017]; Matter of Cirrincione v Scissors Wizard, 145 AD3d 1325, 1326-1327 [2016]). Accordingly, its finding that claimant did not knowingly make a material false representation in violation of Workers' Compensation Law § 114-a is supported by substantial evidence and will not be disturbed (see Matter of Hamza v Steinway & Sons, 88 AD3d at 1033-1034; compare Matter of Clarke v Lomasney Combustion, Inc., 26 AD3d 604, 605 [2006]; Matter of McCormack v Eastport Manor Constr., 19 AD3d 826, 828 [2005]).
Garry, P.J., Mulvey, Devine and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: In his initial claim form, filed on May 1, 2014, claimant indicated that he did not stop working, as he apparently was still working at such time.

Footnote 2: The WCLJ directed claimant to produce all business records related to this business.

Footnote 3: The full Board subsequently issued an amended decision correcting a date error, but not substantively changing its original decision.