Matter of Restrepo v Plaza Motors of Brooklyn Inc. (2020 NY Slip Op 01867)





Matter of Restrepo v Plaza Motors of Brooklyn Inc.


2020 NY Slip Op 01867


Decided on March 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2020

528155

[*1]In the Matter of the Claim of Javier Restrepo, Respondent,
v
Plaza Motors of Brooklyn Inc. et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: February 13, 2020

Before: Garry, P.J., Lynch, Mulvey, Aarons and Reynolds Fitzgerald, JJ.


Vecchione, Vecchione, Connors & Cano, LLP, Garden City Park (Brian M. Anson of counsel), for appellants.
Wolodymyr M. Starosolsky, New York City, for Javier Restrepo, respondent.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.



Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed June 1, 2018, which ruled, among other things, that claimant violated Workers' Compensation Law § 114-a and imposed a penalty.
Claimant, a truck driver, has established injuries to his head, back, neck, left shoulder and right foot and depression as a result of a work-related accident on September 2, 2014. He received workers' compensation wage replacement benefits from November 11, 2014 until they were suspended on February 2, 2017, after the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) raised the issue of whether claimant had violated Workers' Compensation Law § 114-a by failing to disclose that he had operated one or more businesses while receiving benefits. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) determined that claimant had violated Workers' Compensation Law § 114-a by failing to disclose that he had actively operated two trucking businesses, J & D Auto Transport and Jady Car Carrier Corporation, while collecting benefits. The WCLJ determined that, as a discretionary penalty, claimant would have no compensable lost time after February 2, 2017 to date, and that he should be barred from future wage replacement benefits.[FN1] On claimant's administrative appeal, the Workers' Compensation Board, among other things, upheld the WCLJ's determination that claimant violated Workers' Compensation Law § 114-a but did so based more narrowly upon claimant's failure to disclose his admitted operation of Jady between January 1, 2016 and May 31, 2016 while receiving benefits; upon that finding of fraud, the Board imposed a mandatory penalty disqualifying claimant from benefits for that period, which it found were the benefits directly attributable to his misrepresentation (see Workers' Compensation Law § 114-a [1]). The Board did not find that claimant had committed fraud by failing to disclose his activities with J & D, a company owned by his wife that he testified had ceased operations prior to this work-related accident. As a discretionary penalty, the Board elected to impose a penalty in an amount equal to the mandatory penalty, to be applied to future compensation benefits (see Workers' Compensation Law § 114-a [1]), finding that the WCLJ's greater discretionary penalty was not appropriate and rescinding the penalty of no compensable lost time after February 2, 2017 and no future wage replacement benefits. The carrier appeals.
The parties do not dispute that claimant violated Workers' Compensation Law § 114-a and that the mandatory penalty applied. Rather, the carrier argues that claimant's failure to disclose his work activity [FN2] was a sufficiently egregious violation to warrant the WCLJ's imposition of the maximum discretionary penalty of barring him from future wage replacement benefits, and that the Board abused its discretion in rescinding that penalty and imposing a lesser one. Workers' Compensation Law § 114-a (1) provides that, "[i]f for the purpose of obtaining compensation . . . or for the purpose of influencing any determination regarding any such payment, a claimant knowingly makes a false statement or representation as to a material fact, such person shall be disqualified from receiving any compensation directly attributable to such false statement or representation" (see Matter of Losurdo v Asbestos Free, 1 NY3d 258, 265 [2003]). In addition to that mandatory penalty, this provision grants the Board the authority, in its discretion, to "disqualif[y]" a claimant from receiving future benefits or to impose "an additional penalty" up to the amount of the mandatory penalty (Workers' Compensation Law § 114-a [1]; see Matter of Losurdo v Asbestos Free, 1 NY3d at 265). Relevant here, the Board "is the sole arbiter of witness credibility" (Matter of Felicello v Marlboro Cent. Sch. Dist., 178 AD3d 1252, 1253 [2019] [internal quotation marks and citations omitted]) and it "is not bound by the credibility determinations of a [WCLJ]" (Matter of Ridgeway v RGRTA Regional Tr. Serv., 68 AD3d 1219, 1220 [2009]). With regard to the carrier's contention that the penalty is inadequate, "[j]udicial review of an administrative penalty is limited to whether the . . . penalty . . . constitutes an abuse of discretion as a matter of law" and, to that end, "a penalty must be upheld unless it is so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law" (Matter of Kelly v Safir, 96 NY2d 32, 38 [2001] [internal quotation marks and citations omitted]; see Matter of Van Etten v Mohawk Val. Community Coll., 120 AD3d 1457, 1457-1458 [2014]).
The Board credited claimant's testimony that J & D, a company owned by his wife for which he served as a driver, dissolved in July 2014 and ceased operating, prior to his receipt of benefits for this accident. The Board found that, when first questioned at the April 2017 hearing about his activities for Jady while receiving benefits,[FN3] claimant "readily conceded" that, after the accident, he started Jady, a company incorporated in January 2016 that transported cars using two drivers, and represented that he did not drive for the company. Claimant testified that Jady made its first delivery in February 2016 and ceased operations in May 2016, after learning that he was not allowed to run the business while collecting benefits. Jady's insurance policy was discontinued for nonpayment in May 2016 and its state transportation license was revoked. Claimant admitted never advising his physicians or the carrier's physicians about this activity operating Jady. The Board credited claimant's testimony that Jady ceased operations in May 2016 and that any bank activity thereafter was for personal obligations or did not constitute operating a business, and noted that the record did not establish that claimant had been advised to report his work activities and did not recall receiving and never completed a carrier questionnaire regarding his activities.
In determining what discretionary penalty was appropriate, the Board expressly weighed the authorized penalties against the nature of claimant's misrepresentation with regard to Jady. The Board concluded that, although claimant should have known to disclose his work status, a lesser discretionary penalty equal to his mandatory penalty was warranted while forfeiture of future lost wage benefits was not justified. The Board explained its reasons for electing to impose a lesser discretionary penalty, which are supported by the record, and, given that the Board's leniency is not "so disproportionate to the offense as to be shocking to one's sense of fairness," it was not "an abuse of discretion as a matter of law" and the penalty will not be disturbed (Matter of Kelly v Safir, 96 NY2d at 38 [internal quotation marks and citations omitted]; see Matter of Van Etten v Mohawk Val. Community Coll., 120 AD3d at 1458; see also Matter of Felicello v Marlboro Cent. Sch. Dist., 178 AD3d at 1253; compare Matter of Kodra v Mondelez Intl. Inc., 145 AD3d 1131, 1133-1134 [2016]). The carrier's remaining contentions similarly lack merit.
Garry, P.J., Mulvey, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: The WCLJ did not order, as a mandatory penalty under Workers' Compensation Law § 114-a (1), that any compensation paid to claimant prior to February 2, 2017 be recouped.

Footnote 2: The carrier, in its brief, does not directly contest the Board's factual finding that claimant did not commit fraud with regard to his activities on behalf of J & D, which the Board found had concluded prior to claimant's receipt of benefits. In any event, we defer to the Board's resolution of claimant's credibility in making this finding (see Matter of Permenter v WRS Envtl. Servs. Inc., 172 AD3d 1837, 1839 [2019]).

Footnote 3: Although claimant was briefly questioned regarding his business activities at a November 1, 2016 appearance, the Board concluded that he was not specifically questioned regarding Jady until his April 17, 2017 testimony. Unlike the later hearings at which claimant testified, the record does not reflect that an interpreter was present at the November 2016 appearance and, given the similarity in the phonetics of J & D and Jady, it is not clear if claimant understood which business he was being questioned about at that earlier proceeding.