Matter of Ranieri (Xerox Corp.) (2021 NY Slip Op 01457)





Matter of Ranieri (Xerox Corp.)


2021 NY Slip Op 01457


Decided on March 11, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 11, 2021

530208

[*1]In the Matter of the Claim of Gregory Ranieri, Claimant,
Xerox Corporation et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: February 9, 2021

Before: Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and Colangelo, JJ. 


Woods Oviatt Gilman LLP, Buffalo (Andrew J. Ryan of counsel), for appellants.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed March 28, 2019, which ruled, among other things, that claimant violated Workers' Compensation Law § 114-a.
Claimant suffered work-related injuries to both shoulders, and his claim for workers' compensation benefits was established with a disability date of February 16, 2016. In April 2018, the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) raised the issue as to whether claimant had violated Workers' Compensation Law § 114-a by failing to disclose that he had worked while receiving benefits. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) determined that claimant had violated Workers' Compensation Law § 114-a by knowingly making false representations for the purpose of obtaining benefits. The WCLJ imposed the mandatory penalty, as well as the discretionary penalty of permanently disqualifying claimant from receiving future wage replacement benefits. In a decision filed March 28, 2019, the Workers' Compensation Board upheld the WCLJ's finding that claimant had violated Workers' Compensation Law § 114-a but found that the discretionary penalty was unwarranted. The Board thereafter issued an amended decision, reaching the same conclusion, and denied the carrier's application for full Board review. The carrier appeals.[FN1]
We affirm. The carrier's sole contention on appeal is that claimant's misrepresentations in violation of Workers' Compensation Law § 114-a warranted the penalty of him being disqualified from receiving future wage replacement benefits. "The refusal to impose that discretionary penalty will only be disturbed, however, if the Board abused its discretion as a matter of law" (Matter of Van Etten v Mohawk Val. Community Coll., 120 AD3d 1457, 1457 [2014] [citations omitted]; see Matter of Kelly v Safir, 96 NY2d 32, 38 [2001]; Matter of Restrepo v Plaza Motors of Brooklyn Inc., 181 AD3d 1108, 1110 [2020]). The record reflects that claimant snowplowed several driveways on February 7, 2018 and March 2, 2018, using a truck that belonged to a landscaping business that claimant had previously worked for and whose owner is a friend of his. Claimant testified that the owner let him use the truck for personal reasons as a favor and that, in return, claimant used the truck to plow the driveways of certain homeowners that had contracts with the landscaping business for that service. Despite his snowplowing activities, claimant responded in the carrier's worker questionnaire, dated March 21, 2018, that he had not worked in the previous six months. Claimant testified that he did not consider the snowplowing to be work because he was doing it to repay a favor and was not getting paid for it. Although the Board stated that it did not condone claimant's fraudulent misrepresentations, it concluded that the misrepresentations did not warrant the imposition of the discretionary penalty. Under these [*2]circumstances, we find that "the Board's leniency is not so disproportionate to the offense as to be shocking to one's sense of fairness" so as to constitute an abuse of discretion as a matter of law (Matter of Restrepo v Plaza Motors of Brooklyn Inc., 181 AD3d at 1111 [internal quotation marks and citation omitted]; see Matter of Van Etten v Mohawk Val. Community Coll., 120 AD3d at 1458). Accordingly, the penalty will not be disturbed.
Garry, P.J., Egan Jr., Pritzker and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Although the carrier only filed a notice of appeal from the Board's March 2019 decision, inasmuch as the amended decision is substantially the same as that decision and there has been no claim of prejudice, we will exercise our discretion and treat this as a valid appeal from the amended decision (see CPLR 5520 [c]; Matter of Kucuk v Hickey Freeman Co., Inc., 78 AD3d 1259, 1260 n 1 [2010]).