■ In the Matter of the Claim of DAVID P. ANDERSON, Appellant, v LYDALL MANNING et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [768 NYS2d 857]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed February 6, 2002, which ruled, inter alia, that claimant did not suffer a compensable hearing loss.

For many years, claimant was exposed to industrial noise from the operation of heavy machinery in the paper mill where he worked. On February 20, 1998, he filed an application for workers' compensation benefits claiming that he suffered hearing loss from excessive noise levels, which was controverted by his employer and its workers' compensation carrier. Following various hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) found, among other things, that claimant did not suffer a compensable hearing loss within the meaning of the applicable rules and regulations of the Workers' Compensation Law. The Workers' Compensation Board ultimately affirmed that part of the WCLJ's decision which found that claimant did not suffer a compensable hearing loss.

On appeal, claimant argues that the extent of his hearing loss is irrelevant to the determination of whether it is compensable. We disagree. While the Workers' Compensation Law does not specifically delineate the standards for ascertaining a loss of

---

hearing that is compensable under its provisions (*see* Workers' Compensation Law § 15 [3] [m]; § 49-cc), it authorizes the Board to promulgate regulations setting forth specific guidelines based upon the recommendations of a panel of experts (*see* Workers' Compensation Law § 49-gg). Among the topics to be addressed by the regulations are the "frequencies to be used in measuring industrial hearing loss" and "the point below which there is no hearing disability" (Workers' Compensation Law § 49-gg [b], [c]). Such regulations are set forth in 12 NYCRR part 351.

Contrary to claimant's assertion, the regulations require that a claimant's hearing loss be of a certain magnitude in order to be compensable. Initially, the regulations provide that "[i]n evaluating pure tone audiometric results, the method of determining the percentage of impairment for hearing speech is to use the average of pure tone air conduction and audiometric readings at 500, 1,000, 2,000 and 3,000 Hz" (12 NYCRR 351.2). The regulations further state: "The audiometric reading below which there is no hearing impairment shall be specified as 25 decibels (ANSI-1969) using the average of the hearing levels at the four-speech frequencies of 500, 1,000, 2,000 and 3,000 Hz. In other words, if the hearing level of an individual in these four frequencies averages 25 decibels or less, no hearing impairment shall be considered" (12 NYCRR 351.3 [a]). In the instant case, the medical evidence established that although claimant suffered a hearing loss at the 4,000 Hz frequency, he suffered no such loss at any of the four frequencies specified in the regulations. Consistent with this was claimant's own physician's acknowledgment that claimant did not suffer a hearing impairment under the standards set forth in the Workers' Compensation Law. In view of this, we find no reason to disturb the Board's decision.

Spain, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.