■ In the Matter of the Claim of JEFFREY AMSTER, Appellant, v NEW YORK CITY SHERIFF's OFFICE, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [792 NYS2d 718]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed January 3, 2003, which ruled that claimant violated Workers' Compensation Law § 114-a.

In October 1994, claimant was injured in the course of his employment as a deputy sheriff in the office of the Sheriff of the City of New York. Following an April 1996 hearing, his case was established for a work-related injury and he was awarded workers' compensation benefits. Thereafter, a question arose with respect to whether claimant had made a misrepresentation of material fact in violation of Workers' Compensation Law § 114-a. Although a Workers' Compensation Law Judge determined that there was insufficient evidence to establish a violation of section 114-a, the Workers' Compensation Board subsequently reversed that decision and returned the case to the Workers' Compensation Law Judge for further proceedings. Following the denial of his request for full Board review, claimant appeals.*

As is relevant here, Workers' Compensation Law § 114-a (1) states that "[i]f for the purpose of obtaining compensation . . . or for the purpose of influencing any determination regarding any such payment, a claimant knowingly makes a false statement or representation as to a material fact, such person shall be disqualified from receiving any compensation directly attributable to such false statement or representation." When claimant was initially questioned about a particular security services company, he testified that it was his wife's previous employer but denied that he had worked there himself. At subsequent hearings, however, claimant admitted that he had, in fact, worked for the security services company, as evidenced by his discovery of a W-2 tax form, which reported that the company had paid him $104.10 in wages in 1999. Under these circumstances, the Board's determination that claimant made false statements regarding a material fact is supported by substantial evidence (*see Matter of Michaels v Ford*, 9 AD3d 733, 733-734 [2004]; *Matter of Tomlin v L & B Contr. Indus.*, 307 AD2d 682, 683 [2003]), "despite the existence of evidence which could support a contrary conclusion" (*Matter of Fighera v New York City Dept. of Envtl. Protection*, 303 AD2d 861, 863

---

* Although the Board's decision did not specify the penalty to be imposed, "the question of whether claimant violated Workers' Compensation Law § 114-a presents a threshold legal issue that may be dispositive and, thus, the Board's decision is reviewable on appeal" (*Matter of Michaels v Ford*, 9 AD3d 733, 733 n [2004]; *see generally Matter of Losurdo v Asbestos Free*, 1 NY3d 258, 265-267 [2003]).

[2003], *lv denied* 100 NY2d 514 [2003]). Claimant's contention that he had initially denied working for the security services company because he did not remember working there presented an issue of credibility that the Board was free to resolve against him (*see Matter of Michaels v Ford, supra* at 734; *Matter of Johnson v New York State Dept. of Transp.*, 305 AD2d 927, 928 [2003]).

Claimant's remaining contentions have been reviewed and found to be without merit.

Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.