■ In the Matter of the Claim of PETER FEISTHAMEL, Respondent, v MARCY CORRECTIONAL FACILITY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [809 NYS2d 259]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed August 13, 2004, which ruled that claimant did not violate Workers' Compensation Law § 114-a.

This case involves the issue of whether claimant violated Workers' Compensation Law § 114-a by making a misrepresentation of material fact. After development of the record, a workers' compensation law judge found that there had been no such misrepresentation. Upon review, the Workers' Compensation Board affirmed and this appeal ensued.

The Board's determination regarding a violation of Workers' Compensation Law § 114-a will be upheld if supported by substantial evidence in the record (*see Matter of Amster v New York City Sheriff's Off.*, 17 AD3d 789, 790 [2005]; *Matter of Phelps v Phelps*, 277 AD2d 736, 738 [2000]). The employer submitted a surveillance videotape which depicts claimant sporadically performing activities such as driving, exercising at a gym and mowing his lawn on a riding mower. The independent medical examiner, who had previously concluded that claimant was totally disabled, testified that he changed his opinion based upon his review of the videotape. However, claimant's treating physicians testified that the activities depicted on the videotape did not change their conclusions. Notably, claimant's physicians had prescribed medication to suppress his disabling symptoms so that he would be able to drive. They also instructed him to exercise, and the employer's workers' compensation carrier approved payment for his gym membership.

Additionally, claimant testified that he did not state that he could not do the activities listed in the independent medical examiner's notes, but merely that such activities caused him pain or that his ability to do them was intermittent. The independent medical examiner admitted that his notes may not reflect claimant's exact statements to him. Here, unlike in *Matter of Passari v New York City Hous. Auth.* (13 AD3d 853 [2004]), claimant did not testify falsely regarding the activities shown on the surveillance video, those activities were not inconsistent with his medical condition as it was being treated with medication and exercise at the direction of his physicians, and there is no evidence that claimant concealed his physical capabilities from his physicians. Given this, we cannot say that the Board's determination is not supported by substantial evidence.

Mercure, J.P., Peters, Carpinello, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.