■ In the Matter of the Claim of DONALD ELMER, Respondent, v MAROCCHI TRUCKING COMPANY, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [817 NYS2d 697]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed November 26, 2004, which ruled that claimant did not violate Workers' Compensation Law § 114-a.

In 1997, claimant fell from a flatbed trailer and sustained injuries to his head, back and both of his legs while working as a truck driver for Marocchi Trucking Company, Inc. (hereinafter the employer). After a series of workers' compensation hearings, claimant received awards for his physical injuries, as well as consequential depression and consequential narcotic addiction. Based upon statements that claimant made at a January 2002 hearing, the workers' compensation carrier claimed that there was a violation of Workers' Compensation Law § 114-a. After development of the record, a Workers' Compensation Law Judge found no violation and a panel of the Workers' Compensation Board affirmed. The carrier and the employer (hereinafter collectively referred to as the carrier) appeal.

It is by now settled that "[t]he Board's determination regarding a violation of Workers' Compensation Law § 114-a will be upheld if supported by substantial evidence in the record" (*Matter of Feisthamel v Marcy Correctional Facility*, 26 AD3d 554, 555 [2006]; *see Matter of Petit v Syracuse Hous. Auth.*, 30 AD3d 797 [2006] [decided herewith]). The carrier proffered video surveillance evidence which depicts claimant driving a manual transmission vehicle and walking with a cane, despite his alleged assertions to various medical professionals between 1999 and 2001 that "he spends 98% of his waking hours in a wheelchair," that "[h]e has no feeling or movement in his left lower extremity," that "[h]e doesn't drive the car" and that he is "mostly in a wheelchair or hospital bed at home." At the hearing, claimant insisted that he never informed anyone that he was "confined" to a wheelchair. He did state, however, that in addition to having a hospital bed in his home, he had a wheelchair, a single cane and a bar cane which he continues to use depending upon how he feels that day. Claimant also admitted to heavy narcotics use and, therefore, does not always recall the statements that he made. He further admitted that there were times that he had to drive his manual transmission vehi-

cle, despite his narcotic use. Finally, he maintained that he never went anywhere without his wheelchair due to the inconsistent stability of his legs.

Claimant's explanations were supported in the record; physician testimony established that their earlier reports may have been based upon their own impressions or the assumptions that they formed as a result of claimant's appearance and heavy sedation. While we recognize that there were inconsistencies which could have led to a different determination, the resolution of conflicting evidence must remain "within the province of the Board" (*Matter of Hughes v Indian Val. Indus.*, 290 AD2d 871, 872 [2002]).

Mercure, J.P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.