■ In the Matter of the Claim of RICHARD PETIT, Respondent, v SYRACUSE HOUSING AUTHORITY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [817 NYS2d 693]—

Peters, J. Appeal from a decision of the Workers' Compensa-
tion Board, filed December 13, 2004, which ruled that claimant
did not violate Workers' Compensation Law § 114-a.

This case presents the issue of whether claimant violated
Workers' Compensation Law § 114-a by knowingly misrepresent-
ing a material fact. Following a hearing, a Workers' Compensa-
tion Law Judge found that there had been no misrepresenta-
tion. The Workers' Compensation Board affirmed, prompting
this appeal by the employer and the State Insurance Fund.

The Board's determination as to whether there was a viola-
tion of Workers' Compensation Law § 114-a will be upheld so
long as it is supported by substantial evidence in the record (see
Matter of Elmer v Marocchi Trucking Co., 30 AD3d 792 [2006]
[decided herewith]; Matter of Lopresti v Washington Mills, 23
AD3d 725, 726 [2005]; Matter of Amster v New York City
Sheriff's Off., 17 AD3d 789, 790 [2005]). Claimant's sworn
testimony concerning his condition and resulting limitations
was consistent with video surveillance tapes and testimony by
investigators, thus constituting substantial evidence.

The employer submitted surveillance evidence showing
claimant sporadically performing various activities, including
walking without a cane, mowing his lawn, pushing a shopping
cart and placing his wheelchair and other materials into his
truck. Based on this evidence, the independent medical
examiner, who had initially opined that claimant was totally dis-
abled with 80% of such disability attributable to his work
injuries, concluded that claimant had provided false informa-
tion, exaggerated his symptoms and suffered from a mild degree
of disability.

Claimant, however, previously testified that, while he gener-
ally walks with assistance from either a cane or a walker and
uses a wheelchair to get around his house, he does, on occasion,
walk short distances on his own as recommended by his treat-
ing orthopedist. He explained that he typically tries to avoid
taking his wheelchair out of the house because it hurts his
shoulder when he lifts it into the back of his truck. Claimant
also testified that he takes his wife shopping each week and
sometimes uses a shopping cart for support instead of his cane
or walker. He further testified that he was able to mow his lawn
with a self-propelled mower since he uses it to stabilize himself.

While acknowledging that the videotaped surveillance, of
which claimant was unaware, shows him both using and not us-

ing the various assistive devices, we do not conclude that he testified falsely with regard to the activities depicted on the videotapes (*cf. Matter of Passari v New York City Hous. Auth.*, 13 AD3d 853 [2004]). As such, we discern no basis to disturb the Board's decision that claimant did not knowingly misrepresent a material fact (*see Matter of Feisthamel v Marcy Correctional Facility*, 26 AD3d 554, 555 [2006]).

The remaining contentions raised by the employer and the State Insurance Fund have been examined and found to be without merit.

Mercure, J.P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.