■ In the Matter of the Claim of DIANNE HENRY, Respondent, v ELIZABETH BASS-MASCI, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [820 NYS2d 166]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed June 21, 2004, which ruled, inter alia, that claimant sustained a compensable injury and awarded workers' compensation benefits.

Claimant is a home health aide who cared for Elizabeth Bass-Masci's elderly mother, Beatrice Bass. Claimant acquired that job after being interviewed by Bass-Masci and agreed to start in January 2001 at a weekly salary of $500. She worked six days a week and was paid by check from Bass-Masci who would reimburse herself from Bass's funds. Neither Bass nor Bass-Masci had workers' compensation insurance.

On July 3, 2001, claimant and Bass were riding on a bus which struck a livery cab. Claimant sustained injuries to her head, neck, back, face and right eye and was hospitalized. She later experienced headaches, dizziness, memory loss and depression. For the remainder of that summer, claimant took care of Bass one day a week and continued to be paid her weekly salary by Bass-Masci in accordance with their prior arrangement; her employment was terminated in September 2001.

In November 2001, claimant filed a claim for workers' compensation benefits. After a series of hearings, the Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant had suffered work-related injuries, that Bass-Masci was claimant's employer and that Bass-Masci was liable to claimant under the Workers' Compensation Law. This determination was affirmed by the Workers' Compensation Board, with slight modifications. Bass-Masci appeals.

Bass-Masci contends that claimant violated Workers' Compen-

sation Law § 114-a by knowingly making false statements or representations regarding material facts for the purpose of obtaining compensation. As this question of fact was squarely before the Board, we will not disturb its determination if it is supported by substantial evidence (*see Matter of Losurdo v Asbestos Free*, 1 NY3d 258, 265-266 [2003]; *see also Matter of Elmer v Marocchi Trucking Co.*, 30 AD3d 792, 793 [2006]; *Matter of Petit v Syracuse Hous. Auth.*, 30 AD3d 797, 798 [2006]). While the record clearly reflects that claimant made incorrect statements concerning her involvement with previous litigation and the work she performed after the accident, claimant openly testified about her substantial inability to remember pertinent details of her past due to her memory loss. She testified that she was receiving treatment for this condition at Queens Hospital Center and medical reports from her neurologist, psychologist and others provided supporting details. For these reasons, substantial evidence supports the Board's conclusion that claimant did not violate Workers' Compensation Law § 114-a.

Next reviewing the claim that Bass-Masci's due process rights were violated when she was denied an opportunity to cross-examine claimant's physicians, Bass-Masci's attorney never sought to reserve that right until the close of summation. Having failed to make a timely request (*see Matter of Doherty v Colgate Univ.*, 3 AD3d 810, 811 [2004]; *Matter of Clarke v Rockland County*, 194 AD2d 1017, 1018 [1993]), we find it waived.

Nor do we find that the reports submitted by Bass-Masci's independent medical examiners were rejected by the Board; its determination adequately details why it gave them less weight. With the Board's remand of this matter to clarify the extent of claimant's head injury, we note that Bass-Masci will have an additional opportunity to submit further medical evidence.

Finally addressing the remaining contentions that claimant used this accident as an unwarranted excuse to withdraw from the workforce and that claimant was employed by Bass and not Bass-Masci, both issues are unpreserved for our review (*see Matter of Johnson v New York State Off. of Mental Retardation & Dev.*, 12 AD3d 748, 749 [2004]; *Matter of Musso v Earth Movers*, 240 AD2d 846, 849 [1997]).

Crew III, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.