■ In the Matter of the Claim of LEONARD GROPPER, Appellant, v GPA MECHANICAL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [826 NYS2d 774]—

Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed March 11, 2005, which, inter alia, ruled that claimant violated Workers' Compensation Law § 114-a and disqualified him from receiving wage replacement benefits.

Claimant worked for many years as a steam fitter and claimed that he had been exposed to asbestos during that time. He was diagnosed with asbestos-related pleural disease in 1998 and further diagnosed on November 30, 1999 with, among other afflictions, pulmonary asbestosis. In December 1999 and January 2000, claimant filed for workers' compensation benefits identifying his employer as GPA Mechanical, an entity of which he was the only officer and sole shareholder. Following a hearing, a Workers' Compensation Law Judge disallowed the claim on the basis that, as an executive officer, he had intentionally excluded himself from coverage under the terms of his company's workers' compensation policy. Thereafter, claimant submitted an application review asserting that he had been added as an insured under the policy effective November 19, 1999.

Upon claimant's appeal, the Workers' Compensation Board concluded that further development of the record was necessary. During a March 2004 hearing, the workers' compensation carrier conceded that claimant had been added to the policy effective November 19, 1999. A Workers' Compensation Law Judge determined occupational disease, notice and causal relationship for asbestos related pleural disease and concluded that claimant's date of disablement was November 30, 1999. As a

result, the carrier submitted an application for Board review. After oral argument in March 2005, the Board reversed, finding that claimant lacked credibility as to when he had last worked because, among other reasons, his testimony on this point was contradicted by written documents before it. The Board concluded that claimant made materially false representations in violation of Workers' Compensation Law § 114-a and disallowed the claim. Claimant now appeals.

We begin by observing that "Workers' Compensation Law § 114-a authorizes the Board to disqualify a claimant from receiving future wage replacement benefits if it finds that the claimant knowingly made a false statement or misrepresented a material fact in order to obtain workers' compensation benefits or to influence any determination regarding such benefits" (*Matter of Johnson v New York State Dept. of Transp.*, 305 AD2d 927, 927 [2003] [citation omitted]). The Board's determination regarding the applicability of that provision will be upheld if it is supported by substantial evidence in the record (*see Matter of Henry v Bass-Masci*, 32 AD3d 635, 636 [2006]; *Matter of Petit v Syracuse Hous. Auth.*, 30 AD3d 797, 798 [2006]). Notably "[t]he Board is vested with the discretion to weigh conflicting evidence and evaluate the credibility of witnesses" (*Matter of Papadakis v Volmar Constr., Inc.*, 17 AD3d 874, 875 [2005]).

Here, claimant's credibility was clearly undermined by the representations he made on his own claims for workers' compensation benefits and his correspondence with counsel, which were introduced into evidence before the Board. These documents contradicted his sworn testimony as to his last date of employment. These facts, combined with the timing of his obtaining workers' compensation coverage, provide substantial evidence for the Board's determination, which thus must be affirmed.

Cardona, P.J., Mercure, Spain and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.