1024

In the Matter of the Claim of MANA HASSAN, Appellant, v FORD MOTOR COMPANY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [891 NYS2d 737]—

Peters, J.P.

Claimant retired in December 2006, after having worked as a laborer in the employer's plant for over 35 years. In 2007, he applied for workers' compensation benefits claiming hearing loss due to exposure to high levels of noise during his employment. Following a series of hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) concluded that claimant suffered a .625% occupational loss of binaural hearing. Upon claimant's appeal, the Workers' Compensation Board affirmed.

On this appeal, claimant contends that because the employer's registered nurses who performed audiometric examinations on him are not "qualified professionals" pursuant to 12 NYCRR 351.7, the examination results should not have been admitted into evidence by the WCLJ. He further asserts that, for this reason, the opinion of Sayeed Nabi, an otolaryngologist who served as the employer's independent medical examiner, lacks credibility and should have been rejected due to his partial reliance on those examination results. Finding these arguments unpersuasive, we affirm.

12 NYCRR 351.7 provides, in relevant part, that "[e]xaminations as to the extent of hearing impairment should be performed by qualified professionals, board-certified otolaryngologists, otologists or licenced audiologists." Here, the Board found that "the special certification and training received by the employer's nurses in performing audiograms" is sufficient to render them "qualified professionals" under 12 NYCRR 351.7. In that regard, the employer provided documentary evidence that all of the nurses in its employ underwent training and received certification for audiometric testing, as required by the regulatory requirements of the Occupational Safety and Health Administration and the National Institute for Occupational Safety and Health. Furthermore, Karen Rayer, a senior registered nurse in the employer's medical department, provided extensive testimony regarding the training and certifi-

cation required of all of the employer's registered nurses through the Council for Accreditation in Occupational Hearing Conservation.* Rayer explained the certification course wherein each nurse was instructed on audiometric testing, visual inspection of the ear, medical history, screening audiograms and record keeping, referral for medical treatment, care and maintenance of the audiometer, and selecting, fitting and supervising the wearing of hearing protection. She further testified that the certification course included a practical audiometric examination and a formal written examination that required a minimum of 90% correct to pass, and that the employer's nurses were required to be recertified every five years. Rayer also described in detail the annual audiometric testing performed in the employer's medical department, including the equipment used and the daily calibration of the audiometer. In our view, the foregoing constituted substantial evidence supporting the Board's determination that the nurses were "qualified professionals" for the purposes of performing audiometric testing pursuant to 12 NYCRR 351.7 and, therefore, that the reports of the annual audiometric tests which they performed were admissible into evidence.

In light of our findings in this regard, we reject claimant's assertion that Nabi's opinion must be rejected as incompetent due to his partial reliance on the audiograms performed by the employer. On this point, we note that, although Nabi reviewed the results of the employer's audiograms and found them to be consistent with his findings, he testified that his opinion that claimant suffered a.625% binaural loss of hearing was based upon the results of the audiogram he performed during his examination of claimant.

Moreover, we find no basis to disturb the Board's decision to credit the opinion of Nabi over that of Robin Lazar-Miller, an otolaryngologist who opined that claimant suffered from a 10% binaural loss of hearing. The Board is vested with broad authority to evaluate the credibility of witnesses, weigh conflicting evidence and draw any reasonable inference from the proof (see Matter of Person v Li Maintenance Ad, 66 AD3d 1063, 1064 [2009]; Matter of Papadakis v Volmar Constr., Inc., 17 AD3d 874, 875 [2005]; Matter of Myers v Eldor Contr. Co., 270 AD2d 671, 672 [2000]). In finding that the opinion of Nabi was more credible than that of Lazar-Miller, the Board specifically noted that Lazar-Miller did not perform an

---

* Under Occupational Safety and Health Administration regulations, the Council of Accreditation in Occupational Hearing Conservation is a proper body for certification of the performance of audiometric testing.

audiogram upon claimant and was unable to state whether claimant's hearing loss was consistent with the audiogram results of the employer, Nabi or Susanne Krause, the audiologist who performed an audiogram that revealed a 10% binaural loss of hearing. Unlike Lazar-Miller, the Board concluded that Nabi performed a complete examination, provided detailed testimony as to the audiogram results performed in his office and credibly opined that claimant suffered a .625% hearing loss. "According appropriate deference to the Board's credibility determinations and resolution of conflicting evidence" (*Matter of Pappas v State Univ. of N.Y. at Binghamton*, 53 AD3d 941, 943 [2008] [citations omitted]; *see Matter of Hernandez v Vogel's Collision Serv.*, 48 AD3d 861, 861 [2008]), we find that the Board's determination that claimant suffered a .625% binaural loss of hearing is supported by substantial evidence in the record and, as such, it will not be disturbed.

Claimant's remaining contention has been reviewed and found to be without merit.

Lahtinen, Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.