In the Matter of the Claim of LINDA ZAHM, Respondent, v NATIONAL FUEL, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [898 NYS2d 367]—

Peters, J.P. Appeal from a decision of the Workers' Compensation Board, filed December 5, 2008, which ruled that claimant had a 20.4% schedule loss of use for binaural loss of hearing.

Claimant worked for the employer in numerous capacities—first as a data entry clerk and then in various customer-related positions—for 31 years until she retired in July 2005. A preemployment hearing examination conducted in 1974 revealed that claimant had a measurable loss of hearing at that time. In August 2007, claimant filed this claim contending that she had sustained an occupational hearing loss due to long-term noise

exposure "from being on the telephone for years." Following a hearing, a workers' compensation law judge found that claimant had a 20.4% schedule loss of use for binaural loss of hearing. Upon review, the Workers' Compensation Board affirmed, prompting this appeal by the employer.

While there is no dispute that claimant has suffered a hearing loss, the employer argues that the record as a whole fails to establish both that claimant was exposed to injurious noise during the course of her employment and that her documented hearing loss was causally related to her employment. We agree and, accordingly, reverse the Board's decision.

Claimant was employed in three customer-related positions between 1987 and her retirement in 2005, each of which entailed spending varying portions of her day on the telephone with customers who sometimes were either irate or had difficulty hearing. Although claimant provided estimates as to the number of hours she spent on the telephone each day in the respective positions and the corresponding percentage of customers who would yell or scream at her during these conversations, claimant's description of the actual noise level, which was not measured, was simply too vague and imprecise to establish that it was in fact injurious.

Moreover, even accepting that claimant was exposed to injurious noise while working for the employer, we nonetheless agree that claimant failed to demonstrate a causal connection between her hearing loss and her employment. Joel Bernstein, the otolaryngologist who examined claimant on behalf of the employer, opined that claimant's hearing loss was not causally related to her employment because, even assuming she was exposed to hazardous noise, the overall extent of claimant's hearing loss and the frequency at which it occurs were not at all consistent with noise-induced hearing loss. Although claimant's treating otolaryngologist, Robin Lazar-Miller, was of the view that claimant's hearing loss was causally related to her employment, Lazar-Miller's opinion was based upon the erroneous assumption that claimant spent all of her 31 years with the employer on the telephone eight hours each day and, during that entire time, was exposed to approximately 80 to 90 decibels of noise. As noted previously, however, the level of noise to which claimant was exposed was not quantified, and claimant's own testimony contradicts Lazar-Miller's understanding of claimant's various job descriptions and alleged level of noise exposure. When presented with a hypothetical that more closely mirrored claimant's actual duties and exposure, Lazar-Miller maintained that employment-related noise exposure remained

the "most likely" cause of claimant's hearing loss, but neither her report nor her testimony address—much less contradict—Bernstein's statement that the particular level of claimant's hearing loss and the frequency at which it occurs is not consistent with noise-induced hearing loss.

While conflicts in medical testimony indeed represent an issue for the Board to resolve (*see Matter of Shkreli v Initial Contract Servs.*, 55 AD3d 1067, 1068 [2008]), the issue here is the overall sufficiency of claimant's proof. Based upon our review of the record as a whole, we cannot say that Lazar-Miller's testimony was sufficient to establish the requisite causal connection between claimant's loss of hearing and her employment (*see Matter of Downer v NYNEX*, 55 AD3d 1169 [2008]).

Lahtinen, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is reversed, without costs, and claim dismissed.