■ In the Matter of MUHAMED HODZIC, Appellant, v TTSI, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [986 NYS2d 889]—

Egan Jr., J. Appeal from a decision of the Workers' Compensation Board, filed March 7, 2013, which ruled that claimant violated Workers' Compensation Law § 114-a and imposed a penalty.

In 2005, claimant injured his lower back while working and successfully applied for workers' compensation benefits. The employer and its workers' compensation carrier disclosed that claimant had been placed under surveillance and thereafter raised the issue of whether he had violated Workers' Compensation Law § 114-a. The Workers' Compensation Board ruled that claimant knowingly misrepresented his medical condition for the purpose of receiving benefits and, accordingly, found him to be in violation of Workers' Compensation Law § 114-a. The Board further assessed a discretionary penalty and permanently

disqualified claimant from receiving wage replacement benefits beginning September 23, 2010. Claimant now appeals.

Substantial evidence supports the Board's decision and, thus, we affirm. Workers' Compensation Law § 114-a (1) disqualifies a claimant who "knowingly makes a false statement or representation as to a material fact . . . from receiving any compensation directly attributable to such false statement or representation." Notably, "in making such a finding, the Board is vested with the discretion to evaluate witness credibility and to weigh conflicting evidence" (*Matter of Hadzaj v Harvard Cleaning Serv.*, 77 AD3d 1000, 1001 [2010], *lv denied* 16 NY3d 702 [2011]; *see Matter of Denman v Cobbler's Rest.*, 106 AD3d 1289, 1290 [2013]).

Here, claimant testified that he experienced pain after walking or standing for long periods of time, did not lift items weighing more than 10 pounds, and avoided engaging in housework, yard work or exercise. His claims were belied, however, by evidence that he rode his bicycle and took long walks without any apparent discomfort, and he was observed carrying or dragging items such as a beverage cooler, barbecue gas grill, folding table, lawn chairs and heavy groceries. Moreover, despite claimant's assertion that he used a walker or cane "[m]ost of the time," he was only observed using a walker immediately before and after medical and legal appointments. In light of the evidence that claimant had knowingly misrepresented his condition in an effort to influence the award of benefits, the Board appropriately found not only that he had violated Workers' Compensation Law § 114-a, but that the discretionary penalty of permanently disqualifying him from receiving wage replacement benefits was warranted (*see Matter of Losurdo v Asbestos Free*, 1 NY3d 258, 265-266 [2003]; *Matter of Denman v Cobbler's Rest.*, 106 AD3d at 1290-1291; *Matter of Robbins v Mesivtha Tifereth Jerusalem*, 60 AD3d 1166, 1167-1168 [2009]). We have examined and are unpersuaded by claimant's remaining argument.

Lahtinen, J.P., McCarthy, Rose and Lynch, JJ., concur. Ordered that the decision is affirmed, without costs.