Devine, J.
Appeals (1) from a decision of the Workers’ Compensation Board, filed May 30, 2012, which ruled that claimant did not violate Workers’ Compensation Law § 114-a, and (2) from a decision of said Board, filed August 20, 2013, which denied the employer’s application for full Board review.
Claimant sustained a compensable work-related back injury in 2005 and was awarded workers’ compensation benefits. The employer and its workers’ compensation carrier (hereinafter collectively referred to as the employer) alleged that claimant had violated Workers’ Compensation Law § 114-a by knowingly misrepresenting his lack of work activities while receiving benefits. The Workers’ Compensation Board, reversing the decision of the Workers’ Compensation Law Judge, determined that claimant had not violated Workers’ Compensation Law § 114-a and continued compensation benefits. The employer’s subsequent request for full Board review was denied. These appeals ensued.
We affirm. Workers’ Compensation Law § 114-a (1) provides that if “a claimant knowingly makes a false statement or representation as to a material fact, such person shall be disqualified *1387 from receiving any compensation directly attributable to such false statement or representation.” It is within the purview of the Board to assess witness credibility, and its decision as to whether a claimant violated Workers’ Compensation Law § 114-a will not be disturbed if supported by substantial evidence (see Matter of Hodzic v TTSI, Inc., 117 AD3d 1379, 1380 [2014]; Matter of Borgal v Rochester-Genesee Regional Transp. Auth., 108 AD3d 914, 915 [2013]). Here, claimant acknowledged that he spent most of his time at a membership café and occasionally, among other things, unlocked the café door in the morning and swept the premises in exchange for the owner, his cousin, allowing him to sleep in a room above the café following marital difficulties. According to claimant, he received no compensation for any minimal activity that he performed at the café. The employer’s surveillance videos and testimony of its private investigator did not contradict claimant’s testimony, which primarily show claimant sitting or standing outside the café smoking, talking on a cell phone or drinking coffee. Inasmuch as the Board found claimant’s testimony to be candid, consistent and truthful, there is substantial evidence supporting the Board’s decision not to find a violation of Workers’ Compensation Law § 114-a, and we will not disturb it despite the existence of evidence that would support a contrary result (see Matter of Hodzic v TTSI, Inc., 117 AD3d at 1380; Matter of Borgal v Rochester-Genesee Regional Transp. Auth., 108 AD3d at 916; Matter of Monzon v Sam Bernardi Constr., Inc., 60 AD3d 1261, 1262-1263 [2009]; Matter of Feisthamel v Marcy Correctional Facility, 26 AD3d 554, 555 [2006]).
To the extent that the employer challenges the denial of its application for full Board review on the ground that it was denied solely by the chair on behalf of the Board, we find that such challenge is moot given that a three-member panel subsequently considered and denied that application for full Board review as set forth in a decision filed June 23, 2014 (cf. Matter of Scalo v C.D. Perry & Sons, Inc., 112 AD3d 1077 [2013]).
Peters, P.J., Stein, Garry and Egan Jr., JJ., concur.
Ordered that the decision filed May 30, 2012 is affirmed, without costs. Ordered that the appeal from the decision filed August 20, 2013 is dismissed, as moot, without costs.