*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 25, 2016                    521240
_____

In the Matter of the Claim of
    PATRICK GRANVILLE,
                        Respondent,

        v
                                        MEMORANDUM AND ORDER

TOWN OF HAMBURG et al.,
                        Appellants.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:  January 7, 2016

Before:  Peters, P.J., Garry, Rose and Lynch, JJ.

                        _____


        Law Offices of Melissa A. Day, PLLC, Amherst (James B.
Cousins of counsel), for appellants.

        Cole, Sorrentino, Hurley, Hewner & Gambino, PC, Buffalo
(William D. VanDelinder of counsel), for Patrick Granville,
respondent.

        Eric T. Schneiderman, Attorney General, New York City
(Donya Fernandez of counsel), for Workers' Compensation Board,
respondent.

                        _____


Peters, P.J.

        Appeal from a decision of the Workers' Compensation Board,
filed August 22, 2014, which ruled that claimant sustained a
causally-related binaural loss of hearing.

Claimant worked for the employer as a laborer and light equipment operator from 2003 to 2012. In that capacity, he used, among other equipment, heavy-duty sit-down lawn mowers, weed whackers, heavy-equipment tractors, backhoes, zambonis and air jacks. In May 2013, claimant filed for workers' compensation benefits claiming that he had sustained an occupational hearing loss due to exposure to loud occupational noise. The self-insured employer and its third-party administrator controverted the claim, and, following a hearing, a Workers' Compensation Law Judge concluded that claimant suffered a causally-related binaural loss of hearing. Upon review, the Workers' Compensation Board affirmed. The employer and the administrator appeal.

While conceding that claimant suffered a hearing loss, the employer and the administrator argue that the record as a whole fails to establish both that claimant was exposed to injurious noise during the course of his employment and that his documented hearing loss was causally related to his employment. We cannot agree. Claimant bore the burden of establishing, by competent medical evidence, that a causal connection existed between his hearing loss and his employment (see Matter of Poverelli v Nabisco/Kraft Co., 123 AD3d 1309, 1310 [2014]; Matter of Maye v Alton Mfg., Inc., 90 AD3d 1177, 1177 [2011]; Matter of Norton v North Syracuse Cent. School Dist., 59 AD3d 890, 890 [2009]; see generally Workers' Compensation Law §§ 21 [5]; 49-ff, 49-gg). "[W]here medical proof is relied upon to demonstrate the existence of a causal relationship, it must signify a probability of the underlying cause that is supported by a rational basis and not be based upon a general expression of possibility" (Matter of Lichten v New York City Tr. Auth., 132 AD3d 1219, 1219 [2015]; see Matter of Phelan v Bethpage State Park, 126 AD3d 1276, 1277 [2015], lv denied 25 NY3d 911 [2015]; Matter of Dizenzo v Henderson & Johnson, 114 AD3d 1014, 1014 [2014]).

Here, claimant testified that he operated heavy and light machinery "at least ninety percent of the time" during a typical workweek, that he had no loud hobbies or activities outside of work and that, prior to his work with the employer, he had worked in the banking industry. He testified further that he was required to undergo a hearing test in 2004, shortly after commencing employment with the employer, and that the results of

this test revealed that he had "no effects of hearing loss."[1]
Claimant also offered the report and medical opinion of his
treating otolaryngologist, Sayeed Nabi, who found that claimant's
hearing loss was causally related to his employment.  To that
end, a test of claimant's hearing levels conducted in mid-2012 –
while he was still working for the employer – revealed a binaural
hearing loss of approximately 51%, while Nabi's examinations of
claimant's hearing levels in June and July 2013 – after he had
stopped working for the employer – demonstrated a binaural
hearing loss of 15.6%.  Explaining that there is a three-month
period of hearing recovery following exposure to hazardous noise,
Nabi concluded that the significant improvement of claimant's
hearing following his cessation of employment indicated that
claimant had suffered noise-induced hearing loss while working.
Nabi also excluded other possible sources as a cause for
claimant's hearing loss, including claimant's sleep apnea and
collapsible ear canals, and testified that his findings were not
impacted by the fact that claimant wore ear protection while
working.  Although the otolaryngologist who examined claimant on
behalf of the employer opined that claimant's hearing loss was
neither consistent with injurious noise exposure nor causally
related to his employment, "[t]he resolution of conflicting
medical opinions, particularly with regard to the issue of
causation, is within the exclusive province of the Board" (Matter
of Bailey v Ben Ciccone, Inc., 104 AD3d 1017, 1017-1018 [2013];
see Matter of Perez v Mondial Tiles, Inc., 104 AD3d 998, 998
[2013]).  The Board found the opinion of Nabi to be more credible
and, according appropriate deference to that assessment,
substantial evidence supports the determination that claimant
suffered a causally-related binaural loss of hearing (see Matter
of Hassan v Ford Motor Co., 69 AD3d 1024, 1025-1026 [2010]; see
also Matter of Maye v Alton Mfg., Inc., 90 AD3d at 1177-1178;
compare Matter of Zahm v National Fuel, 72 AD3d 1311, 1312-1313
[2010]; Matter of Downer v NYNEX, 55 AD3d 1169, 1170 [2008]).

    Garry, Rose and Lynch, JJ., concur.

---

[1]  Notably, the employer failed to produce the records of
this hearing test.

ORDERED that the decision is affirmed, with costs to claimant.


ENTER:

Robert D. Mayberger
Clerk of the Court