Matter of Ledney v Boat-N-RV Warehouse (2019 NY Slip Op 05821)





Matter of Ledney v Boat-N-RV Warehouse


2019 NY Slip Op 05821


Decided on July 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 25, 2019

527428

[*1]In the Matter of the Claim of CHAD LEDNEY, Appellant,
v
BOAT-N-RV WAREHOUSE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: June 6, 2019

Before: Garry, P.J., Egan Jr., Clark, Devine and Pritzker, JJ.


Buckley, Mendleson, Criscione & Quinn, PC, Albany (Brendan G. Quinn of counsel), for appellant.
William O'Brien, State Insurance Fund, Albany (Tommasino S. Conte of counsel), for Boat-N-RV Warehouse and another, respondents.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed January 16, 2018, which ruled, among other things, that claimant violated Workers' Compensation Law § 114—a and
disqualified him from receiving future indemnity benefits.
In 2009, claimant sustained a work-related injury to his right hip and groin, as well as a consequential pulmonary embolism, and received workers' compensation awards through 2017 based upon his continued disability. In 2017, the employer's workers' compensation carrier raised the issue of whether claimant had violated Workers' Compensation Law § 114-a. Following a hearing at which video surveillance of claimant was submitted, the Workers' Compensation Law Judge ruled that claimant violated Workers' Compensation Law § 114-a and, in addition to the mandatory penalty, imposed a discretionary penalty that permanently disqualified claimant from receiving any future indemnity benefits. The Workers' Compensation Board affirmed that decision. Claimant appeals.
We affirm. Workers' Compensation Law § 114—a (1) provides that a claimant who "knowingly makes a false statement or representation as to a material fact . . . shall be disqualified from receiving any compensation directly attributable to such false statement or representation." For purposes of Workers' Compensation Law § 114, "a fact is material . . . so long as it is significant or essential to the issue or matter at hand" (Matter of Losurdo v Asbestos Free, 1 NY3d 258, 265 [2003] [internal quotation marks and citation omitted]; see Matter of Angora v Wegmans Food Mkts., Inc., 171 AD3d 1419, 1420 [2019]). "Whether a claimant has [*2]violated Workers' Compensation Law § 114—a is within the province of the Board, which is the sole arbiter of witness credibility, and its decision will not be disturbed if supported by substantial evidence" (Matter of Vazquez v Skuffy Auto Body Shop, 168 AD3d 1240, 1241 [2019] [internal quotation marks and citations omitted]; see Matter of Eardley v Unatego Cent. Sch. Dist., 153 AD3d 1460, 1460-1461 [2017]; Matter of Hershewsky v Community Gen. Hosp., 125 AD3d 1068, 1068 [2015]).
Claimant testified that he used crutches to ambulate about 80% of the time and, following cortisone hip injections, was able to walk with a cane or use no assistive device for short distances. Claimant further testified that, after the hip injections ceased in January 2017 due to an underlying medical condition, he relies on the use of crutches all the time. Furthermore, medical reports from various independent medical examiners note that claimant walks with an antalgic gait, ambulates with two crutches, is minimal weight bearing on the right leg, has difficulty taking even a few steps and is in severe pain. The surveillance videos between 2015 and 2017, however, depict claimant on numerous occasions walking without the use of crutches or other assistive device and without an antalgic gait or limp, even on days that he attended independent medical examinations using crutches to enter and exit those appointments. Given the patent inconsistencies between the surveillance evidence and claimant's testimony and presentation at medical appointments, substantial evidence supports the Board's finding that claimant made material misrepresentations as to his degree of disability, his level of restrictions and his ability to ambulate without assistive devices (see Matter of Hodzic v TTSI, Inc., 117 AD3d 1379, 1380 [2014]; Matter of Denman v Cobbler's Rest., 106 AD3d 1289, 1290 [2013]). As such, the Board's determination that claimant violated Workers' Compensation Law § 114-a will not be disturbed.
To the extent that claimant asserts that the discretionary penalty is disproportionate to the nature of the Workers' Compensation Law § 114-a violation, we find his contention to be without merit. The video surveillance reflects that, over a two-year period, claimant consistently walked without an assistive device unless he was going into or out of various medical appointments. The Board, noting the length of time of claimant's deceptive behavior, found the misrepresentations to be significant and egregious. In view of the foregoing, we find no abuse of discretion in the Board's imposition of the discretionary penalty of disqualifying claimant from receiving future awards, despite the fact that a compensable injury nevertheless exists (see Matter of Losurdo v Asbestos Free, 1 NY3d at 266-267).
Garry, P.J., Egan Jr., Clark and Devine, JJ., concur.
ORDERED that the decision is affirmed, without costs.