Matter of Issayou v Issayuou Inc. (2019 NY Slip Op 05834)





Matter of Issayou v Issayuou Inc.


2019 NY Slip Op 05834


Decided on July 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 25, 2019

528107

[*1]In the Matter of the Claim of CARMEN ISSAYOU, Appellant,
v
ISSAYUOU INC. et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: May 29, 2019

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


John F. Clennan, Ronkonkoma, for appellant.
Stewart, Greenblatt, Manning & Báez, Syosset (John K. Hamberger of counsel), for Issayuou Inc. and another, respondents.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a decision of the Workers' Compensation Board, filed August 14, 2018, which ruled that claimant did not sustain a causally-related injury and denied her claim for workers' compensation benefits.
Claimant sustained a myocardial infarction and collapsed on March 25, 2016 while cleaning brushes at the hair salon that she had owned and operated for 17 years, and she received emergency medical care. It was later determined that claimant had advanced, triple vessel, obstructive coronary artery disease, and she underwent several procedures, including angioplasties and the placement of multiple stents in her obstructed arteries. In June 2017, claimant filed a claim for workers' compensation benefits, asserting that interactions with customers on March 25, 2016 caused her heart attack and consequential depression and anxiety. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) controverted the claim. Following hearings at which conflicting medical testimony was offered, a Workers' Compensation Law Judge disallowed the claim, finding that claimant's heart attack did not arise out of and in the course of her employment. The Workers' Compensation Board agreed, and claimant appeals.
We affirm. "Whether a compensable accident has occurred is a question of fact to be resolved by the Board and its determination will not be disturbed when supported by substantial evidence" (Matter of Buccinna v Pembroke Cent. Sch. Dist., 165 AD3d 1369, 1370 [2018] [internal quotation marks and citations omitted]). "Although Workers' Compensation Law § 21 (1) provides a presumption that an accident that occurs in the course of employment also arises out of that employment, the statutory presumption cannot be used to establish that an accident [*2]occurred in the first instance, and it does not wholly relieve a claimant of the burden of demonstrating that the accident occurred in the course of, and arose out of, his or her employment" (Matter of Ferrari v Darcon Constr. Inc., 170 AD3d 1392, 1393 [2019] [citations omitted]). Claimant bore the burden of establishing, by competent medical evidence, that a causal connection existed between her heart attack and other medical conditions and her employment (see Matter of Granville v Town of Hamburg, 136 AD3d 1254, 1255 [2016]).
Claimant testified that, after she opened the salon around 9:00 a.m. on March 25, 2016, an older woman came to the entrance of the salon and asked — in a tone that claimant characterized as "bad" or "mean" — something like, "Are you still [working] here?" and the woman then left. About 10 to 15 minutes later, claimant agreed to perform hair services for a walk-in customer, and the services took an extra 30 minutes to complete for the customer, who claimant described as "difficult" and "nasty." While claimant was working on her hair, the customer asked claimant if she practiced a particular religion and, when claimant said no, the customer said that if she had known that, she would not have come to the salon; after the work was completed, the customer ultimately left without paying for the service. Claimant then washed some brushes and, about 10 to 15 minutes later, she began experiencing chest pain and shortness of breath, later determined to have been a heart attack, called 911 and has not returned to work. In support of her claim, claimant submitted the report of Lester Ploss, an internal medicine physician, who examined her and reviewed her medical records. Ploss issued a report acknowledging that claimant had preexisting, asymptomatic coronary artery disease and concluded that the two incidents that occurred at work on March 25, 2016 — which he characterized as "very emotional events" — contributed to her heart attack and cardiac problems. Although Ploss conceded that claimant had 99% occlusion or blockage in one artery and "significant" occlusion in another artery that were not related to her work, he opined that there was a "direct relationship" between her heart attack and the incidents in the salon.
The carrier consulted an internal medicine physician, Carl Friedman, who examined claimant, reviewed her medical history and concluded that the cause of her cardiac condition was advanced, triple vessel, obstructive coronary artery disease. Friedman found "no evidence" that there was "any relationship" between claimant's work activity and her cardiac obstructions, psychiatric conditions or heart attack. Friedman noted claimant's history and ongoing complaints of anxiety and depression, for which she had been medicated and treated by her primary physician, and that she had not received psychiatric care; he opined that she had "severe emotional problems" that were not caused by her work activity or the incidents on the day of her heart attack, and she required psychiatric treatment. Friedman concluded that, although stress can contribute to a heart attack, the incidents at the salon were "minimal" and did not entail "significant stress" or a "stressful event" so as to contribute to claimant's heart attack. Accordingly, although Ploss offered a contrary opinion on causation, Friedman found no causal relationship, and "[t]he resolution of conflicting medical opinions, particularly with regard to the issue of causation, is within the exclusive province of the Board" (Matter of Granville v Town of Hamburg, 136 AD3d at 1256 [internal quotation marks and citation omitted]). The Board found the opinion of Friedman to be more persuasive and, according appropriate deference to that assessment, we find that substantial evidence supports its determination that the carrier rebutted the presumption and that claimant's heart attack was not causally related (see id.; Matter of Boaro v Kings Park Psychiatric Ctr., 104 AD3d 1049, 1050 [2013]; Matter of Steadman v Albany County, 84 AD3d 1649, 1650 [2011]).
Moreover, although "[a] mental injury arising from work-related stress is compensable" where a claimant "demonstrate[s] that the stress that caused the claimed mental injury was greater than that which other similarly situated workers experienced in the normal work environment" (Matter of Karam v Rensselaer County Sheriff's Dept., 167 AD3d 1108, 1109 [2018] [internal quotation marks and citations omitted], lv denied 33 NY3d 901 [2019]; see Matter of Lucke v Ellis Hosp., 119 AD3d 1050, 1051 [2014]), claimant did not submit any evidence that her psychiatric conditions were caused by work-related stress. Additionally, "[w]hether the stress experienced by a claimant is more than that normally encountered is a [*3]factual question for the Board to resolve, and its finding will not be disturbed when supported by substantial evidence" (Matter of Karam v Rensselaer County Sheriff's Dept., 167 AD3d at 1109 [internal quotation marks and citations omitted]; see Matter of Kraus v Wegmans Food Mkts., Inc., 156 AD3d 1132, 1134 [2017]). Relying on Friedman's opinion, and noting that Ploss had not been provided with an accurate account of the customer interactions, the Board rationally concluded that the incidents of rude or demanding clients, as described by claimant, were "relatively insignificant" and that "dealing with unpleasant customers during the course of her work day does not rise to the level of stress greater than that experienced by other similarly situated workers" (see Matter of Lanese v Anthem Health Servs., 165 AD3d 1373, 1375 [2018]). As this finding is supported by substantial evidence, it will not be disturbed. Claimant's remaining contentions are similarly unpersuasive.
Garry, P.J., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.