Matter of Cala v PAL Envtl. Safety Corp. (2022 NY Slip Op 01498)





Matter of Cala v PAL Envtl. Safety Corp.


2022 NY Slip Op 01498


Decided on March 10, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 10, 2022

533423
[*1]In the Matter of the Claim of Ryszard Cala, Appellant,
v
PAL Envtl. Safety Corp. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:February 10, 2022

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and McShan, JJ.

Schotter, Millican, Sinaniyeva & Masilela, LLP, New York City (Geoffrey Schotter of counsel), for appellant.
Vecchione, Vecchione, Connors & Cano, Garden City (Brian M. Anson of counsel), for PAL Environmental Safety Corp. and another, respondents.



Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed October 22, 2020, which ruled that claimant sustained a causally-related 25.32% schedule loss of use for binaural hearing loss.
From 2001 to April 2016, claimant worked as an asbestos handler and/or removal worker. In November 2017, claimant filed an occupational disease claim for workers' compensation benefits, alleging that he sustained binaural hearing loss due to prolonged and repeated exposure to background noises, including machinery at work. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) controverted the claim, arguing, among other defenses, that there was no causal relationship between claimant's hearing loss and his work with the employer. In June 2018, a Workers' Compensation Law Judge (hereinafter WCLJ) found prima facie medical evidence of binaural hearing loss based upon the November 2017 medical report by Michael Alleva, the physician and board-certified otolaryngologist who had examined claimant. Following hearings and the depositions of claimant's attending otolaryngologist and the carrier's otolaryngology consultant who conducted an independent medical examination (hereinafter IME) of claimant, a Workers' Compensation Law Judge (hereinafter WCLJ), among other things, established the occupational disease claim for binaural hearing loss, with a date of disablement of July 28, 2016, and found that claimant had sustained a 25.32% schedule loss of use (hereinafter SLU) for binaural hearing loss. Upon administrative appeal,[FN1] the Workers' Compensation Board affirmed, finding that the medical opinion of the carrier's consultant was more persuasive and that claimant's binaural hearing loss was, as the carrier's consultant had concluded, amenable to a 25.32% SLU. Claimant appeals.
We reverse. "The Board is vested with broad authority to evaluate the credibility of witnesses, weigh conflicting evidence and draw any reasonable inference from the proof" (Matter of Hassan v Ford Motor Co., 69 AD3d 1024, 1025 [2010]; see Matter of Byrnes v New Is. Hospital, 167 AD3d 1128, 1129 [2018]; Matter of Park v Corizon Health Inc., 158 AD3d 970, 972 [2018], lv denied 31 NY3d 909 [2018]).
The record reflects that, in November 2017, claimant was examined by Alleva, who ordered an audiogram [FN2] and, based upon the results of that examination, concluded, as reflected in both his medical report and deposition testimony, that claimant had sustained a binaural hearing loss of 71.25% that was causally related to his employment. In his testimony, Alleva further described the testing method that he used, consistent with the method set forth in the Department of Labor's regulations, for determining the percentage of claimant's hearing impairment; to wit, by evaluating claimant's hearing loss "us[ing] the average of the pure tone air conduction and audiometric readings at 500, 1,000, 2,000 and 3,000 Hz" (12 NYCRR 351.2; see 12 NYCRR 351[*2].3 [a]; see generally 12 NYCRR part 351; Matter of Anderson v Manning, 2 AD3d 1235, 1236 [2003]).
The Board, however, credited the findings of Daniel Arick, an otolaryngologist who examined claimant in August 2018 on behalf of the carrier and performed an audiogram. Arick opined, in contrast to the opinion expressed by Alleva, that claimant had sustained only a 25.32% binaural hearing loss. Arick explained in his medical report and testimony that there was evidence of severe fabrication by claimant and that the audiogram had to be performed three times as the audiologist felt that claimant "was basically faking his hearing loss." Arick could not explain during his testimony, however, why a copy of his audiogram was neither provided with his IME report nor present in the Board's file, and claimant's counsel continued to raise this point during the hearing, on administrative appeal to the Board and now again before this Court. As claimant argues, the Board has previously determined that where an audiogram test providing the basis for a physician's SLU finding does not accompany the IME report and is not submitted to the Board file, that physician's IME report and findings must be precluded (see Employer: Rebar Lathing Corp., 2015 WL 7294691, *5, 2015 NY Wrk Comp LEXIS 10543, *11-13 [WCB No. G102 0069, Nov. 13, 2015] [precluding Arick's IME report where he failed to submit his audiogram to the Board]; see also Workers' Compensation Law § 137 [1] [a]; 12 NYCRR 300.2 [d] [4] [iii], [iv]; [12]). The Board failed to address claimant's contention regarding the omission of Arick's audiogram from his IME and the record and, as such, has not provided a rational explanation for departing from its prior decision requiring that an audiogram be submitted to the Board with the IME report (see Workers' Compensation Law § 137 [1] [a]; 12 NYCRR 300.2 [d] [4] [iii], [iv]; [12]). Inasmuch as the Board has not provided a rational basis for departing from its own precedent, its decision must be reversed (see Matter of Delk v Orange & Rockland, 191 AD3d 1067, 1071 [2021]; Matter of Zaremski v New Visions, 136 AD3d 1176, 1177-1178 [2016]; Matter of Norcross v Camden Cent. School, 78 AD3d 1339, 1339-1340 [2010]).
Clark, Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Because the WCLJ remarked at the conclusion of the hearings that he did not have to "raise [his] voice once when [he] questioned [claimant]" and, therefore, suspected that claimant had not been totally forthcoming in his testimony concerning the degree of his binaural hearing loss, claimant submitted evidence with his application for review by the Workers' Compensation Board indicating that he had used hearing aids during the hearings to enable him to listen and communicate during those proceedings. Thus, the WCLJ was apparently not aware that claimant was wearing hearing aids during the proceedings.

Footnote 2: An audiogram is a "graphic record produced by an audiometer" (Taber's Cyclopedic Medical Dictionary at 197 [19th ed 2001]) or "[t]he graphic record drawn from the results of hearing tests with an audiometer, which charts the threshold of hearing at various frequencies against sound intensity in decibels" (Stedman's Medical Dictionary § 85770 [Nov. 2014]).