Matter of Cala v PAL Envtl. Safety Corp. (2024 NY Slip Op 01848)

Matter of Cala v PAL Envtl. Safety Corp.

2024 NY Slip Op 01848

Decided on April 4, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 4, 2024

536164
[*1]In the Matter of the Claim of Ryszard Cala, Appellant,
v
PAL Environmental Safety Corp. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:February 16, 2024

Before:Egan Jr., J.P., Clark, Lynch, McShan and Powers, JJ.

Schotter Millican, LLP, Brooklyn (Geoffrey Schotter of counsel), for appellant.
Vecchione, Vecchione, Connors & Cano, LLP, Garden City Park (Michael F. Vecchione of counsel), for PAL Environmental Safety Corp. and another, respondents.

Powers, J.
Appeal from a decision of the Workers' Compensation Board, filed August 22, 2022, which, among other things, ruled that claimant failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by the Workers' Compensation Law Judge.
Claimant filed an occupational disease claim for workers' compensation benefits in 2017 alleging that he sustained binaural hearing loss as a result of prolonged exposure to loud noises in his employment as an asbestos handler, which the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) controverted. As relevant here, following hearings and further proceedings, deposition testimony was considered from claimant's treating otolaryngologist, as well as the otolaryngologist retained by the carrier (hereinafter the carrier's consultant) who had conducted an independent medical examination (hereinafter IME) of claimant; both found that claimant had sustained causally-related hearing loss based upon their examinations of him and the results of audiogram tests they ordered. The physicians reached differing conclusions regarding the extent of claimant's hearing loss: claimant's treating physician found a 71.25% binaural hearing loss whereas the carrier's consultant found that claimant had a 25.32% binaural hearing loss and had fabricated the extent of his loss during the audiogram test.
A Workers' Compensation Law Judge (hereinafter WCLJ) established the claim for an occupational disease for binaural hearing loss, set a date of disablement and found that claimant had sustained a 25.32% schedule loss of use (hereinafter SLU), crediting the SLU opinion of the carrier's consultant. On claimant's administrative appeal, the Workers' Compensation Board affirmed in a decision on the merits, filed on October 22, 2020 (hereinafter the Board's 2020 decision), limited to crediting the opinion of the carrier's consultant over that of claimant's treating physician, finding that claimant had binaural hearing loss that was amenable to a 25.32% SLU award. On claimant's appeal to this Court, we found that the Board had failed to address the issues raised regarding the omission of a copy of the audiogram test results from the IME of the carrier's consultant, which was also absent from the Board's file (203 AD3d 1367, 1369 [3d Dept 2022]). We determined that, given that the audiogram provided the basis for the physician's SLU finding, the Board had "not provided a rational explanation for departing from its prior decision requiring that an audiogram be submitted to the Board with the IME report" (id.). Accordingly, we reversed and remitted to the Board for further proceedings not inconsistent with our decision.
Upon remittal, the full Board adopted this Court's decision and referred the matter to the same Board panel that had previously entertained claimant's appeal to the Board. By decision filed August 22, 2022, the Board found that claimant's application for review (form RB-89) from [*2]the WCLJ's decision filed on July 15, 2020 had been untimely in that it had not been filed with the Board within 30 days as required by 12 NYCRR 300.13 (b) (3) (i) and, in the exercise of its discretion, declined to entertain the late application for review (see Workers' Compensation Law § 23; 12 NYCRR 300.13 [b] [4] [ii]). Consequently, the WCLJ's July 2020 decision became the decision of the Board (see Workers' Compensation Law § 150 [b]; Matter of Rodriguez v American Bridge Co., 213 AD3d 1118, 1120 [3d Dept 2023]). Claimant appeals.
In the Board's 2020 decision that this Court reversed, the Board did not expressly address the undisputed untimeliness of claimant's application for review and, upon remittal, represented in its 2022 decision that it "was not cognizant of the untimeliness of claimant's application for review when it rendered its decision."[FN1] However, a letter from claimant's counsel accompanying the form RB-89 expressly asked the Board to excuse the untimeliness of the application, which the carrier did not oppose. While we have no reason to question the Board's current representation, when this Court entertained the appeal from the Board's 2020 decision, we understood that the Board had necessarily but sub silentio excused the untimeliness of the RB-89 application for review and addressed the merits; we, likewise, were constrained to only address the merits. In remitting, this Court therefore contemplated that the Board would only reconsider the merits, the only issue before us, consistent with our decision. Accordingly, we again remit for the Board to address claimant's contention regarding the omission of the audiogram from the IME and the record (203 AD3d at 1369).
Egan Jr., J.P., Clark, Lynch and McShan, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: The record on appeal does not reflect that the carrier submitted opposition or rebuttal to claimant's application for review.